FILED

# UNITED STATES DISTRICT COURT
## District of CONNECTICUT

2001 SEP 5 P 12: 01

U.S. DISTRICT COURT
REPORT, CONN

### CIVIL RIGHTS COMPLAINT

STATE PRISONER #309674.
VILCHEL, IGNACIO.
MACDOUGALL WALKER CORR. INST.
1153 EAST STREET SOUTH
SUFFIELD., CT.    Plaintiff(s).
vs. 06080-0002.

STATE OF CONNECTICUT:
CHIEF OF POLICE: PATRICK, J.HARNETT:
eg.BEING SUED: IN HIS OFFICIAL AND:
INDIVIDUAL CAPACITY: A POLICE OFFICIAL:

Case No. _____
(To be supplied by the court)

DETECTIVE: RAMON, BAEZ: POLICE OFFICIAL:
eg. BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY:
DETECTIVE: NESTOR, CARBALLO. POLICE OFFICIAL:
eg.BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY:
DETECTIVE: GREGORY, GORR. POLICE OFFICIAL:
eg. BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY:
DETECTIVE: CURTIS, LOLLAR: POLICE OFFICIAL:
eg. BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY:
DETECTIVE: WINSTON, BROOKS: POLICE OFFICIAL:
eg. BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY:
DETECTIVE: MARK, FOWLER: POLICE OFFICIAL:
eg. BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY:
DETECTIVE: CLAUDETTE, KOSINSKI. POLICE OFFICIAL:
eq. BEING SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY:
OFFICER: ROLAND, GAGNON: POLICE OFFICIAL:
eg. BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY:
HARTFORD POLICE DEPARTMENT AT 50 JENNINGS ROAD.
HARTFORD.. CONNECTICUT. 06106.
ALL THE ABOVE DEFENDANT(S) ARE BEING SUED IN OFFICIAL CAPACITY:
AND IN THEIR INDIVIDUAL CAPACITY:

Defendant(s).

PAGE: (1).

## A. PARTIES:

1.) <u>THE PLAINTIFF: VILCHEL, IGNACIO. IN A PRISONER): IN THE STATE
OF CONNECTICUT:  AND IS A CITIZEN OF THE UNITED STATES, WHO
PRESENTLY RESIDES AT THE DEPATRMENT OF CORRECTION AT THE
MACDOUGALL WALKER CI.  1153. EAST STREET / SUFFIELD CONNECTICUT
06080-0002. / THE PLAINTIFF IS IN CONFINEMENT: INCARCERATED
AND THE INMATE NUMBER #309674.</u>

The plaintiff will make his Claims as best he can. That
all the defendant(S) , Have Violated his rights and the
Constitutions Of the United States. And The Connecticut
Connecticut Constitutions.

The Following Police Officials Herein this Complaint
Some Of them Now Have A Criminal Record; and Have Been---
Arrested. And May have Some Thing To do with What was done to
me. This plaintiff; I' have no Evidence of this., But Im' being
Denied Every Thing In my criminal Case. as to the Investigation
and What The Plaintiff Has to Offer Now As Attachments D.
Cause of Action; at the end. THE EXHIBITS: OF THE ONLY---
EVIDENCE: THERE IS A MAIL PROBLEM HERE AT THIS INSTITUTION:
ITS" LIKE EVERY ONE IS ON INVESTIGATION: SO YOUR MAIL GETS SENT
BACK: OR YOUR FAMILY NEVER RECEIVES A RESPONSE.

The Commissioner Ms. Theresa C. Lantz. has been informed;
and there is no Change in this mail problem; like Legalmail
Yes legal Mail being  #10. to #15 days after the date. ...
I am giving the United States District Court of Connecticut
This very Important Information now; In this 1983 Civil Rights
Complaint. Against The Hartford Police Department Now. Because
I' will have problems As soon as I' File this information to
the Federal Court; Thank You. and Please put this On the Record;

I' am Just a Man... And I'm suffering from what these
Police Officials Did to me. The Plaintiff; Suffering...With
Medical conditions that has been Filed to The Superior court;
the information is in this Complaint; The plaintiff will now
State The B. Jurisdiction; on the Next page; **(12);**

2.)

<u>CHIEF OF POLICE: PATRICK. J. HARNETT. POLICE OFFICIAL:</u>

<u>OF THE HARTFORD POLICE DEPARTMENT:</u>          : Is a citizen of
the United States, Whose Address is Hartford Police Department
50 Jennings Road, Hartford, Connecticut 06106. And who is
employed as <u>THE CHIEF OF POLICE:</u>   : Police Official at the
Hartford Police Department. And at all times Claim(S) alleged
in this Complaint arose, Was this Defendant Acting under Color
of State Law; "YES:. This Police Official acted in False -
Information as this plaintiff states in this Complaint herein;
Tampering with or Fabricating Physical Evidence; as in the;
CONNECTICUT GENERAL STATUTES: SECTION:§§ 53a-155; SECTION §§
53a-155; and SECTION §§ 53a-156. And SECTION §§ 53a-157a.,
All the Police Officials made false Informant (DEA) FEDERAL
Information Surveillance and Investigation on The plaintiff;
IGNACIO, VILCHEL:  FALSE Cell Phone information; FALSE CRIME
SCENE UNIT INFORMATION: FALSE LEAD INVESTIGATOR INFORMATION:
FALSE PHOTOGRAPHS FROM CRIME SCENE EVIDENCE: AND FALSE WARRANT
INFORMATION USED:ALL POLICE OFFICIALS MADE FALSE ARREST AND
(DEA) INFORMANT INFORMATION ABOVE IN THE STATE OF CONNECTICUT
FOR NORCOTIC RE RELATED CHARGES AGAINST THIS PLAINTIFF: AND
ALL THIS FALSE EVIDENCE WAS PUT TOGETHER AND MUCH MORE EVIDENCE
INSIDEWAS USED  FOR SECTION §§ 54-33c. APPLICATION FOR THE
WARRANT EXECUTION AND RETURN OF WARRANT COPY OF AFFIDAVIT TO
PERSON NAMED IN WARRANT EXCEPTIONS OF INFORMANT(S) (DEA)
INFORMATION??? THAT WAS AND IS FALSE INFORMATION HEREIN
COMPLAINT AND DISCLOSURE OF POLICE AFFIDAVIT LIMITED BY
PROSECUTING ATTORNEY: THEY ALL ACTED IN THIS FALSE INFORMATION
WAS BEFORE THE SUPERIOR COURT HONORABLE JUDGE: THE UNITED
STATES DEPARTMENT OF JUSTICE FEDERAL (DEA) INFORMATION WAS
FALSE AND ALL THESE DEFENDANT(S) OUT RIGHT LIED AT TRIAL: MORE
INFORMATION IN FALSE CELL PHONE NUMBERS WERE FALSE: (AND):TRIAL
INFORMATION THAT WAS FALSE: 911; COVERED UP BY THE POLICE AND
THE CAOURT: GUN SHOOTINGS BUNCH OF OPEN WOUNDS ON THE STOMACH:
PLEASE SEE THE ADDITIONAL INFORMATION IN THE COMPLAINT: COVER
UP ON THE EMERGENCY 911 CALLS: AND WRONG ADDRESSES USED: AND
WRONG WARRANT. AND MORE: THE DEFENDANT(S) ARE RESPONSIBLE FOR
THIER ACTIONS IN THIS COMPLAINT ...

3.)

DETECTIVE: RAMON, BAEZ, POLICE OFFICIAL:

OF THE HARTFORD POLICE DEPARTMENT: _____: Is a citizen of the United States, Whose Address is Hartford Police Department 50 Jennings Road, Hartford, Connecticut 06106. And who is employed as THE DETECTIVE: _____: Police Official at the Hartford Police Department. And at all times Claim(S) alleged in this Complaint arose, Was this Defendant Acting under Color of State Law; "YES:. This Police Official acted in False - Information as this plaintiff states in this Complaint herein; Tampering with or Fabricating Physical Evidence; as in the; CONNECTICUT GENERAL STATUTES: SECTION:§§ 53a-155; SECTION §§ 53a-155; and SECTION §§ 53a-156. And SECTION §§ 53a-157a., All the Police Officials made false Informant (DEA) FEDERAL Information Surveillance and Investigation on The plaintiff; IGNACIO, VILCHEL: FALSE Cell Phone information; FALSE CRIME SCENE UNIT INFORMATION: FALSE LEAD INVESTIGATOR INFORMATION: FALSE PHOTOGRAPHS FROM CRIME SCENE EVIDENCE: AND FALSE WARRANT INFORMATION USED:ALL POLICE OFFICIALS MADE FALSE ARREST AND (DEA) INFORMANT INFORMATION ABOVE IN THE STATE OF CONNECTICUT FOR NORCOTIC RE RELATED CHARGES AGAINST THIS PLAINTIFF: AND ALL THIS FALSE EVIDENCE WAS PUT TOGETHER AND MUCH MORE EVIDENCE INSIDEWAS USED FOR SECTION §§ 54-33c. APPLICATION FOR THE WARRANT EXECUTION AND RETURN OF WARRANT COPY OF AFFIDAVIT TO PERSON NAMED IN WARRANT EXCEPTIONS OF INFORMANT(S) (DEA) INFORMATION??? THAT WAS AND IS FALSE INFORMATION HEREIN COMPLAINT AND DISCLOSURE OF POLICE AFFIDAVIT LIMITED BY PROSECUTING ATTORNEY: THEY ALL ACTED IN THIS FALSE INFORMATION WAS BEFORE THE SUPERIOR COURT HONORABLE JUDGE: THE UNITED STATES DEPARTMENT OF JUSTICE FEDERAL (DEA) INFORMATION WAS FALSE AND ALL THESE DEFENDANT(S) OUT RIGHT LIED AT TRIAL: MORE INFORMATION IN FALSE CELL PHONE NUMBERS WERE FALSE: (AND):TRIAL INFORMATION THAT WAS FALSE: 911; COVERED UP BY THE POLICE AND THE CAOURT: GUN SHOOTINGS BUNCH OF OPEN WOUNDS ON THE STOMACH: PLEASE SEE THE ADDITIONAL INFORMATION IN THE COMPLAINT: COVER UP ON THE EMERGENCY 911 CALLS: AND WRONG ADDRESSES USED: AND WRONG WARRANT. AND MORE: THE DEFENDANT(S) ARE RESPONSIBLE FOR THIER ACTIONS IN THIS COMPLAINT ...

4.)

<u>DETECTIVE: NESTOR, CARBALLO, POLICE OFFICIAL</u>

<u>OF THE HARTFORD POLICE DEPARTMENT:</u> _____ : Is a citizen of
the United States, Whose Address is Hartford Police Department
50 Jennings Road, Hartford, Connecticut 06106. And who is
employed as <u>DET. LEAD INVESTIGATOR:</u> : Police Official at the
Hartford Police Department. And at all times Claim(S) alleged
in this Complaint arose, Was this Defendant Acting under Color
of State Law; "YES:. This Police Official acted in False -
Information as this plaintiff states in this Complaint herein;
Tampering with or Fabricating Physical Evidence; as in the;
CONNECTICUT GENERAL STATUTES: SECTION:§§ 53a-155; SECTION §§
53a-155; and SECTION §§ 53a-156. And SECTION §§ 53a-157a.,
All the Police Officials made false Informant (DEA) FEDERAL
Information Surveillance and Investigation on The plaintiff;
IGNACIO, VILCHEL: FALSE Cell Phone information; FALSE CRIME
SCENE UNIT INFORMATION: FALSE LEAD INVESTIGATOR INFORMATION:
FALSE PHOTOGRAPHS FROM CRIME SCENE EVIDENCE: AND FALSE WARRANT
INFORMATION USED:ALL POLICE OFFICIALS MADE FALSE ARREST AND
(DEA) INFORMANT INFORMATION ABOVE IN THE STATE OF CONNECTICUT
FOR NORCOTIC RE RELATED CHARGES AGAINST THIS PLAINTIFF: AND
ALL THIS FALSE EVIDENCE WAS PUT TOGETHER AND MUCH MORE EVIDENCE
INSIDEWAS USED FOR SECTION §§ 54-33c. APPLICATION FOR THE
WARRANT EXECUTION AND RETURN OF WARRANT COPY OF AFFIDAVIT TO
PERSON NAMED IN WARRANT EXCEPTIONS OF INFORMANT(S) (DEA)
INFORMATION??? THAT WAS AND IS FALSE INFORMATION HEREIN
COMPLAINT AND DISCLOSURE OF POLICE AFFIDAVIT LIMITED BY
PROSECUTING ATTORNEY: THEY ALL ACTED IN THIS FALSE INFORMATION
WAS BEFORE THE SUPERIOR COURT HONORABLE JUDGE: THE UNITED
STATES DEPARTMENT OF JUSTICE FEDERAL (DEA) INFORMATION WAS
FALSE AND ALL THESE DEFENDANT(S) OUT RIGHT LIED AT TRIAL: MORE
INFORMATION IN FALSE CELL PHONE NUMBERS WERE FALSE: (AND):TRIAL
INFORMATION THAT WAS FALSE: 911; COVERED UP BY THE POLICE AND
THE CAOURT: GUN SHOOTINGS BUNCH OF OPEN WOUNDS ON THE STOMACH:
PLEASE SEE THE ADDITIONAL INFORMATION IN THE COMPLAINT: COVER
UP ON THE EMERGENCY 911 CALLS: AND WRONG ADDRESSES USED: AND
WRONG WARRANT. AND MORE: THE DEFENDANT(S) ARE RESPONSIBLE FOR
THIER ACTIONS IN THIS COMPLAINT ...

**5.)**

<u>DETECTIVE: GREGORY, GORR. POLICE OFFICIAL:CRIME SCENE UNIT:</u>

<u>OF THE HARTFORD POLICE DEPARTMENT: C.S.U.</u> : Is a citizen of the United States, Whose Address is Hartford Police Department 50 Jennings Road, Hartford, Connecticut 06106. And who is employed as <u>DETECTIVE: CRIME SCENE U:</u> Police Official at the Hartford Police Department. And at all times Claim(S) alleged in this Complaint arose, Was this Defendant Acting under Color of State Law; "YES:. This Police Official acted in False - Information as this plaintiff states in this Complaint herein; Tampering with or Fabricating Physical Evidence; as in the; CONNECTICUT GENERAL STATUTES: SECTION:§§ 53a-155; SECTION §§ 53a-155; and SECTION §§ 53a-156. And SECTION §§ 53a-157a., All the Police Officials made false Informant (DEA) FEDERAL Information Surveillance and Investigation on The plaintiff; IGNACIO, VILCHEL: FALSE Cell Phone information; FALSE CRIME SCENE UNIT INFORMATION: FALSE LEAD INVESTIGATOR INFORMATION: FALSE PHOTOGRAPHS FROM CRIME SCENE EVIDENCE: AND FALSE WARRANT INFORMATION USED:ALL POLICE OFFICIALS MADE FALSE ARREST AND (DEA) INFORMANT INFORMATION ABOVE IN THE STATE OF CONNECTICUT FOR NORCOTIC RE RELATED CHARGES AGAINST THIS PLAINTIFF: AND ALL THIS FALSE EVIDENCE WAS PUT TOGETHER AND MUCH MORE EVIDENCE INSIDEWAS USED FOR SECTION §§ 54-33c. APPLICATION FOR THE WARRANT EXECUTION AND RETURN OF WARRANT COPY OF AFFIDAVIT TO PERSON NAMED IN WARRANT EXCEPTIONS OF INFORMANT(S) (DEA) INFORMATION??? THAT WAS AND IS FALSE INFORMATION HEREIN COMPLAINT AND DISCLOSURE OF POLICE AFFIDAVIT LIMITED BY PROSECUTING ATTORNEY: THEY ALL ACTED IN THIS FALSE INFORMATION WAS BEFORE THE SUPERIOR COURT HONORABLE JUDGE: THE UNITED STATES DEPARTMENT OF JUSTICE FEDERAL (DEA) INFORMATION WAS FALSE AND ALL THESE DEFENDANT(S) OUT RIGHT LIED AT TRIAL: MORE INFORMATION IN FALSE CELL PHONE NUMBERS WERE FALSE: (AND):TRIAL INFORMATION THAT WAS FALSE: 911; COVERED UP BY THE POLICE AND THE CAOURT: GUN SHOOTINGS BUNCH OF OPEN WOUNDS ON THE STOMACH: PLEASE SEE THE ADDITIONAL INFORMATION IN THE COMPLAINT: COVER UP ON THE EMERGENCY 911 CALLS: AND WRONG ADDRESSES USED: AND WRONG WARRANT. AND MORE: THE DEFENDANT(S) ARE RESPONSIBLE FOR THIER ACTIONS IN THIS COMPLAINT ...

**6.)**

DETECTIVE: CURTIS, LOLLAR: POLICE OFFICIAL: LEAD INVESTIGATOR: OF THE HARTFORD POLICE DEPARTMENT: _____: Is a citizen of the United States, Whose Address is Hartford Police Department 50 Jennings Road, Hartford, Connecticut 06106. And who is employed as DET.LEAD INVESTIGATOR: : Police Official at the Hartford Police Department. And at all times Claim(S) alleged in this Complaint arose, Was this Defendant Acting under Color of State Law; "YES:. This Police Official acted in False - Information as this plaintiff states in this Complaint herein; Tampering with or Fabricating Physical Evidence; as in the; CONNECTICUT GENERAL STATUTES: SECTION:§§ 53a-155; SECTION §§ 53a-155; and SECTION §§ 53a-156. And SECTION §§ 53a-157a., All the Police Officials made false Informant (DEA) FEDERAL Information Surveillance and Investigation on The plaintiff; IGNACIO, VILCHEL:  FALSE Cell Phone information; FALSE CRIME SCENE UNIT INFORMATION: FALSE LEAD INVESTIGATOR INFORMATION: FALSE PHOTOGRAPHS FROM CRIME SCENE EVIDENCE: AND FALSE WARRANT INFORMATION USED:ALL POLICE OFFICIALS MADE FALSE ARREST AND (DEA) INFORMANT INFORMATION ABOVE IN THE STATE OF CONNECTICUT FOR NORCOTIC RE RELATED CHARGES AGAINST THIS PLAINTIFF: AND ALL THIS FALSE EVIDENCE WAS PUT TOGETHER AND MUCH MORE EVIDENCE INSIDEWAS USED  FOR SECTION §§ 54-33c. APPLICATION FOR THE WARRANT EXECUTION AND RETURN OF WARRANT COPY OF AFFIDAVIT TO PERSON NAMED IN WARRANT EXCEPTIONS OF INFORMANT(S) (DEA) INFORMATION??? THAT WAS AND IS FALSE INFORMATION HEREIN COMPLAINT AND DISCLOSURE OF POLICE AFFIDAVIT LIMITED BY PROSECUTING ATTORNEY: THEY ALL ACTED IN THIS FALSE INFORMATION WAS BEFORE THE SUPERIOR COURT HONORABLE JUDGE: THE UNITED STATES DEPARTMENT OF JUSTICE FEDERAL (DEA) INFORMATION WAS FALSE AND ALL THESE DEFENDANT(S) OUT RIGHT LIED AT TRIAL: MORE INFORMATION IN FALSE CELL PHONE NUMBERS WERE FALSE: (AND):TRIAL INFORMATION THAT WAS FALSE: 911; COVERED UP BY THE POLICE AND THE CAOURT: GUN SHOOTINGS BUNCH OF OPEN WOUNDS ON THE STOMACH: PLEASE SEE THE ADDITIONAL INFORMATION IN THE COMPLAINT: COVER UP ON THE EMERGENCY 911 CALLS: AND WRONG ADDRESSES USED: AND WRONG WARRANT. AND MORE: THE DEFENDANT(S) ARE RESPONSIBLE FOR THIER ACTIONS IN THIS COMPLAINT ...

**7.)**

DETECTIVE: WINSTON, BROOKS: POLICE OFFICIAL: LEAD INVESTIGATOR: OF THE HARTFORD POLICE DEPARTMENT: _____ : Is a citizen of the United States, Whose Address is Hartford Police Department 50 Jennings Road, Hartford, Connecticut 06106. And who is employed as DET. LEAD INVESTIGATOR: Police Official at the Hartford Police Department. And at all times Claim(S) alleged in this Complaint arose, Was this Defendant Acting under Color of State Law; "YES:. This Police Official acted in False - Information as this plaintiff states in this Complaint herein; Tampering with or Fabricating Physical Evidence; as in the; CONNECTICUT GENERAL STATUTES: SECTION:§§ 53a-155; SECTION §§ 53a-155; and SECTION §§ 53a-156. And SECTION §§ 53a-157a., All the Police Officials made false Informant (DEA) FEDERAL Information Surveillance and Investigation on The plaintiff; IGNACIO, VILCHEL: FALSE Cell Phone information; FALSE CRIME SCENE UNIT INFORMATION: FALSE LEAD INVESTIGATOR INFORMATION: FALSE PHOTOGRAPHS FROM CRIME SCENE EVIDENCE: AND FALSE WARRANT INFORMATION USED:ALL POLICE OFFICIALS MADE FALSE ARREST AND (DEA) INFORMANT INFORMATION ABOVE IN THE STATE OF CONNECTICUT FOR NORCOTIC RE RELATED CHARGES AGAINST THIS PLAINTIFF: AND ALL THIS FALSE EVIDENCE WAS PUT TOGETHER AND MUCH MORE EVIDENCE INSIDEWAS USED FOR SECTION §§ 54-33c. APPLICATION FOR THE WARRANT EXECUTION AND RETURN OF WARRANT COPY OF AFFIDAVIT TO PERSON NAMED IN WARRANT EXCEPTIONS OF INFORMANT(S) (DEA) INFORMATION??? THAT WAS AND IS FALSE INFORMATION HEREIN COMPLAINT AND DISCLOSURE OF POLICE AFFIDAVIT LIMITED BY PROSECUTING ATTORNEY: THEY ALL ACTED IN THIS FALSE INFORMATION WAS BEFORE THE SUPERIOR COURT HONORABLE JUDGE: THE UNITED STATES DEPARTMENT OF JUSTICE FEDERAL (DEA) INFORMATION WAS FALSE AND ALL THESE DEFENDANT(S) OUT RIGHT LIED AT TRIAL: MORE INFORMATION IN FALSE CELL PHONE NUMBERS WERE FALSE: (AND):TRIAL INFORMATION THAT WAS FALSE: 911; COVERED UP BY THE POLICE AND THE CAOURT: GUN SHOOTINGS BUNCH OF OPEN WOUNDS ON THE STOMACH: PLEASE SEE THE ADDITIONAL INFORMATION IN THE COMPLAINT: COVER UP ON THE EMERGENCY 911 CALLS: AND WRONG ADDRESSES USED: AND WRONG WARRANT. AND MORE: THE DEFENDANT(S) ARE RESPONSIBLE FOR THIER ACTIONS IN THIS COMPLAINT ...

DETECTIVE: MARK, FOWLER: POLICE OFFICIAL: PHOTOGRAPHS EVIDENCE: OF THE HARTFORD POLICE DEPARTMENT: _____ : Is a citizen of the United States, Whose Address is Hartford Police Department 50 Jennings Road, Hartford, Connecticut 06106. And who is employed as DET. CRIME PHOTOGRAPHS: : Police Official at the Hartford Police Department. And at all times Claim(S) alleged in this Complaint arose, Was this Defendant Acting under Color of State Law; "YES:. This Police Official acted in False - Information as this plaintiff states in this Complaint herein; Tampering with or Fabricating Physical Evidence; as in the; CONNECTICUT GENERAL STATUTES: SECTION:§§ 53a-155; SECTION §§ 53a-155; and SECTION §§ 53a-156. And SECTION §§ 53a-157a., All the Police Officials made false Informant (DEA) FEDERAL Information Surveillance and Investigation on The plaintiff; IGNACIO, VILCHEL: FALSE Cell Phone information; FALSE CRIME SCENE UNIT INFORMATION: FALSE LEAD INVESTIGATOR INFORMATION: FALSE PHOTOGRAPHS FROM CRIME SCENE EVIDENCE: AND FALSE WARRANT INFORMATION USED:ALL POLICE OFFICIALS MADE FALSE ARREST AND (DEA) INFORMANT INFORMATION ABOVE IN THE STATE OF CONNECTICUT FOR NORCOTIC RE RELATED CHARGES AGAINST THIS PLAINTIFF: AND ALL THIS FALSE EVIDENCE WAS PUT TOGETHER AND MUCH MORE EVIDENCE INSIDEWAS USED FOR SECTION §§ 54-33c. APPLICATION FOR THE WARRANT EXECUTION AND RETURN OF WARRANT COPY OF AFFIDAVIT TO PERSON NAMED IN WARRANT EXCEPTIONS OF INFORMANT(S) (DEA) INFORMATION??? THAT WAS AND IS FALSE INFORMATION HEREIN COMPLAINT AND DISCLOSURE OF POLICE AFFIDAVIT LIMITED BY PROSECUTING ATTORNEY: THEY ALL ACTED IN THIS FALSE INFORMATION WAS BEFORE THE SUPERIOR COURT HONORABLE JUDGE: THE UNITED STATES DEPARTMENT OF JUSTICE FEDERAL (DEA) INFORMATION WAS FALSE AND ALL THESE DEFENDANT(S) OUT RIGHT LIED AT TRIAL: MORE INFORMATION IN FALSE CELL PHONE NUMBERS WERE FALSE: (AND):TRIAL INFORMATION THAT WAS FALSE: 911; COVERED UP BY THE POLICE AND THE CAOURT: GUN SHOOTINGS BUNCH OF OPEN WOUNDS ON THE STOMACH: PLEASE SEE THE ADDITIONAL INFORMATION IN THE COMPLAINT: COVER UP ON THE EMERGENCY 911 CALLS: AND WRONG ADDRESSES USED: AND WRONG WARRANT. AND MORE: THE DEFENDANT(S) ARE RESPONSIBLE FOR THIER ACTIONS IN THIS COMPLAINT ...

9.)

DETECTIVE: CLAUDETTE. KOSINSKI. CRIME SCENE PHOTOGRAPHS EVIDENCE:

<u>POLICE OFFICIAL HARTFORD POLICE DEPARTMENT</u> : Is a citizen of the United States, Whose Address is Hartford Police Department 50 Jennings Road, Hartford, Connecticut 06106. And who is employed as <u>DET. CRIME PHOTOGRAPHS</u> : Police Official at the Hartford Police Department. And at all times Claim(S) alleged in this Complaint arose, Was this Defendant Acting under Color of State Law; "YES:. This Police Official acted in False - Information as this plaintiff states in this Complaint herein; Tampering with or Fabricating Physical Evidence; as in the; CONNECTICUT GENERAL STATUTES: SECTION:§§ 53a-155; SECTION §§ 53a-155; and SECTION §§ 53a-156. And SECTION §§ 53a-157a., All the Police Officials made false Informant (DEA) FEDERAL Information Surveillance and Investigation on The plaintiff; IGNACIO, VILCHEL:  FALSE Cell Phone information; FALSE CRIME SCENE UNIT INFORMATION: FALSE LEAD INVESTIGATOR INFORMATION: FALSE PHOTOGRAPHS FROM CRIME SCENE EVIDENCE: AND FALSE WARRANT INFORMATION USED:ALL POLICE OFFICIALS MADE FALSE ARREST AND (DEA) INFORMANT INFORMATION ABOVE IN THE STATE OF CONNECTICUT FOR NORCOTIC RE RELATED CHARGES AGAINST THIS PLAINTIFF: AND ALL THIS FALSE EVIDENCE WAS PUT TOGETHER AND MUCH MORE EVIDENCE INSIDEWAS USED  FOR SECTION §§ 54-33c. APPLICATION FOR THE WARRANT EXECUTION AND RETURN OF WARRANT COPY OF AFFIDAVIT TO PERSON NAMED IN WARRANT EXCEPTIONS OF INFORMANT(S) (DEA) INFORMATION??? THAT WAS AND IS FALSE INFORMATION HEREIN COMPLAINT AND DISCLOSURE OF POLICE AFFIDAVIT LIMITED BY PROSECUTING ATTORNEY: THEY ALL ACTED IN THIS FALSE INFORMATION WAS BEFORE THE SUPERIOR COURT HONORABLE JUDGE: THE UNITED STATES DEPARTMENT OF JUSTICE FEDERAL (DEA) INFORMATION WAS FALSE AND ALL THESE DEFENDANT(S) OUT RIGHT LIED AT TRIAL: MORE INFORMATION IN FALSE CELL PHONE NUMBERS WERE FALSE: (AND):TRIAL INFORMATION THAT WAS FALSE: 911; COVERED UP BY THE POLICE AND THE CAOURT: GUN SHOOTINGS BUNCH OF OPEN WOUNDS ON THE STOMACH: PLEASE SEE THE ADDITIONAL INFORMATION IN THE COMPLAINT: COVER UP ON THE EMERGENCY 911 CALLS: AND WRONG ADDRESSES USED: AND WRONG WARRANT. AND MORE: THE DEFENDANT(S) ARE RESPONSIBLE FOR THIER ACTIONS IN THIS COMPLAINT ...

**10.)**

POLICE OFFICER: ROLAND, GAGNON. WARRANT INFORMATION:

OF THE HARTFORD POLICE DEPARTMENT: _____: Is a citizen of the United States, Whose Address is Hartford Police Department 50 Jennings Road, Hartford, Connecticut 06106. And who is employed as P.O. WARRANT INFORMATION: Police Official at the Hartford Police Department. And at all times Claim(S) alleged in this Complaint arose, Was this Defendant Acting under Color of State Law; "YES:. This Police Official acted in False - Information as this plaintiff states in this Complaint herein; Tampering with or Fabricating Physical Evidence; as in the; CONNECTICUT GENERAL STATUTES: SECTION:§§ 53a-155; SECTION §§ 53a-155; and SECTION §§ 53a-156. And SECTION §§ 53a-157a., All the Police Officials made false Informant (DEA) FEDERAL Information Surveillance and Investigation on The plaintiff; IGNACIO, VILCHEL: FALSE Cell Phone information; FALSE CRIME SCENE UNIT INFORMATION: FALSE LEAD INVESTIGATOR INFORMATION: FALSE PHOTOGRAPHS FROM CRIME SCENE EVIDENCE: AND FALSE WARRANT INFORMATION USED:ALL POLICE OFFICIALS MADE FALSE ARREST AND (DEA) INFORMANT INFORMATION ABOVE IN THE STATE OF CONNECTICUT FOR NORCOTIC RE RELATED CHARGES AGAINST THIS PLAINTIFF: AND ALL THIS FALSE EVIDENCE WAS PUT TOGETHER AND MUCH MORE EVIDENCE INSIDEWAS USED FOR SECTION §§ 54-33c. APPLICATION FOR THE WARRANT EXECUTION AND RETURN OF WARRANT COPY OF AFFIDAVIT TO PERSON NAMED IN WARRANT EXCEPTIONS OF INFORMANT(S) (DEA) INFORMATION??? THAT WAS AND IS FALSE INFORMATION HEREIN COMPLAINT AND DISCLOSURE OF POLICE AFFIDAVIT LIMITED BY PROSECUTING ATTORNEY: THEY ALL ACTED IN THIS FALSE INFORMATION WAS BEFORE THE SUPERIOR COURT HONORABLE JUDGE: THE UNITED STATES DEPARTMENT OF JUSTICE FEDERAL (DEA) INFORMATION WAS FALSE AND ALL THESE DEFENDANT(S) OUT RIGHT LIED AT TRIAL: MORE INFORMATION IN FALSE CELL PHONE NUMBERS WERE FALSE: (AND):TRIAL INFORMATION THAT WAS FALSE: 911; COVERED UP BY THE POLICE AND THE CAOURT: GUN SHOOTINGS BUNCH OF OPEN WOUNDS ON THE STOMACH: PLEASE SEE THE ADDITIONAL INFORMATION IN THE COMPLAINT: COVER UP ON THE EMERGENCY 911 CALLS: AND WRONG ADDRESSES USED: AND WRONG WARRANT. AND MORE: THE DEFENDANT(S) ARE RESPONSIBLE FOR THIER ACTIONS IN THIS COMPLAINT ...

## B. JURISDICATION

1. Jurisdiction is asserted pursuant to (CHECK ONE):
   XXXX  42 U.S.C. §§ 1983 (applies to state prisoners)
   _____ Bivens V. Six Unknown Named Agents of Federal
   Bureau Narcotics, 403 U.S. 388 (1971) and 28 U.S.C.
   §§ 1331 (applies to federal orisoners).

2. Jurisdiction also invoked pursuant to 28 U.S.C. §§ 1343
   (a) (3). (If you wish to assert jurisdiction under
   diferent or additionalstatutes, you may list them below.

YES THERE WILL BE MORE AFTER COUNSEL FOR THE PLAINTIFF HAS
BEEN APPOINTED TO THIS COMPLAINT. AND BECAUSE STATE POLICE
OFFICIALS ACTED IN THIS CASE AT HARTFORD POLICE OFFICIALS
THE PLAINTIFF WILL JUST MAKE HIS CLAIMS OF HIS RIGHTS BEING
VIOLATED IN THE STATE OF CONNECTICUT:

## C. NATURE OF THE CASE

BRIEFLY STATE THE BACKGROUND OF YOUR CASE.

The plaintiff states that all the above Defendant(S) above
have Violated His Constitutional Rights; Herein This Case. and
made this Complaint as Follows; The Connecticut General -
Statutes Section §§ 53a - 155, Tampering with or fabricating
physical evidence; And Section §§ 53a- 156, Perjury with -
Section §§ 53a-175a.b. False statement used in a Court of Law.
by Police Officials (STATE)(OFFICIALS) HEREIN The facts
information used to Arrest the plaintiff and act on the -
(AFFIDAVIT AND APPLICATION SEARCH AND SEIZURE WARRANT): WAS
FALSE INFORMATION BEFORE A SUPERIOR COURT HONORABLE JUDGE.,
AND ALL THIS INFORMATION IS ATTACHED TO READ AS FACT., IN THE
EXHIBIT"S: ALL THE POLICE OFFICIALS ACTED ON ALL THIS FALSE
INFORMATION: EACH DEFENDANT ACTED IN FALSE EVIDENCE: AT THE
POLICE INVESTIGATION: AND CRIME SCENE: AND AT THE TRIAL: AS
STATED IN THIS COMPLAINT: NAMED POLICE OFFICIALS MADE FALSE
(D.E.A.) FEDERAL INFORMANT INFORMATION AND SURVEILLANCE AND
INVESTIGATION ON THE PLAINTIFF: IGNACIO, VILCHEL: FALSE CELL
PHONE INFORMATION : FALSE CRIME SCENE UNIT INFORMATION REGARDING
GUN SHOOTING ON POLICE OFFICER: COVER UP ON THE 911 CALLS
(EMERGENCY 911 CALLS) **PAGE (12)**

AND POLICE OFFICIALS NAMED MADE (FALSE CELL PHONE CALLS) THAT CELL INFORMATION IS ATTACHED AS EXHIBITS: Police officers named as (ROMON BAEZ) ; (NESTER CARBALLO) AND (WINSTON BROOKS): AND (FALSE CRIME SCENE UNIT INFORMATION: REGARDING PHOTOGRAPHS: FROM THE CRIME SCENE EVIDENCE: BY LEAD INVESTIGATORS IN THE CASE: (MARK FOWLER) AND (CLAUDETTE KOSINSKI): THIS FALSE FACTS OF WITHHOLDING OF SCRIME SCENE EVIDENCE:AS BY THE CHIEF OF POLICE (PATRICK J. HARNETT):THE FINAL REPORT OF THE FIREARMS DISCHARGE BOARD: : (FALSE INFORMATION BY DETECTIVE RAMON BAEZ, FIRED (3) SHOTS... THIS IS WRONG INFORMATION COVER UP: THE 911 CALLS WERE NEVER INVESTIGATED., CLEARLY MORE THEN (4) SHOTS... ON TAPE: THIS FACT PROVES CORRUPTION AGAINST THE POLICE DEPARTMENT: AND THE COMPLETE RECORD TRIAL RECORD IS ON TRIAL HEREIN THIS CASE: THE HOSPITAL RECORDS TO THIS DATE ARE DENIED TO THIS DATE???. THE ATTACHED PAGES TO THE COURT RECORD ARE WITH THE EXHIBITS: TO UNDERSTAND THIS FALSE WARRANTS INFORMATION FALSE ADDRESSES THE VIOLATION OF THE PLAINTIFF(S) RIGHTS HEREIN THE CIVIL ACT- ION. THE GUN SHOOTING BY THE JUDGE WORDS (BUNCH OF OPEN WOUNDS ON THE STOMACH): STATES FACTS OF ONE BIG COVER UP HEREIN THIS CASE: THIS CASE IS MORE THEN JUST (CIRCUMSTANTIAL) FACTS OF (POLICE BRUTALITY)AGAINST THESE POLICE OFFICIAL(S) NAMED IN THIS COMPLAINT: (OUT STANDING EVIDENCE AGAINST THEM)...
AS CLAIMED BY THIS Plaintiff herein States the Connecticut General Statutes Section §§ 541e; (d) ANNOTATION TO TO PRESENT SECTION CITED, 179 C. 46, 61 180 C. 481, 485. 181 C, 172. 180. AS A MATTER OF CONSTITUTIONAL LAW WHERE ENTRY OF DELLING IS FOR PURPOSE OF CONDUCTING SEARCH UNDER A VALID SEARCH WARRANT, RESIDENT MAY BE ARRESTED UNDER STATUTES WHERE POLICE HAVE PROBABLE CAUSE TO BELIEVE HE (COMMITTED) A FELONY: ARREST DOSES NOT CONSTITUTE VIOLATION OF FOURTH AMENDMENT TO U.S. CONSTITUTION ID, 187, 190-195. Cited. 188 C. 432, 442, Cited. 200 C. 82, 85, 86. cited 215, C 667. 672. Cited., 216 C. 172. 182. Cited., 225 C. Cited 227. C. 363, 371. 373. 375. VIOLATION OF SECTION §§ 14-277a. IS AN "OFFENCE" WITHIN MEANING OF THIS SECTION. 288 C. 758-765. Cited. 229 C. 125. 153. Cited. 240 C. 489. Cited. 15 CA 416, 421. Cited. 20 CA 183, 186, cited. 23 CA 123, 127. Cited ZID 487, 491. 492. Cited. 27 AC 370. Cited. ID 741, 745, Cited. 29 29 CA 207, 213. Cited. 30 CA 207, 213. Cited. 30

111, 114. 116, Cited 31 CA 669, 671. 672. Cited 33 CA 590, 592, 599, Cited 34 CA 189-191. Cited Cited ID, 201. 202. 204. Cited 46: CA 633. WHERE PRIOR FELONY CONVICTION FORMED BASIS OF A CHARGE UNDER THIS SECTION (VIOLATION OF SECTION COULD NOT BE ESTABLISHED WITHOUT PRESENTING PROOF OF:"(SUCH)" CONVICTION... 64 CA 384, "( DOES NOT PROHIBIT "TERRY" STOPS BY EXTRATERRITORIAL POLICE OFFICERS: ATHER, IT PROHIBITS FULL CUSTODIAL ARREST BY EXTRATERRITORIAL POLICE OFFICERS. 70 CA 297. THE POLICE OFFICERS HAD NO RIGHT TO BARK DOWN HIS DOOR: THE PLAINTIFF STATES THESE FACTS SHOULD OF BEEN INVESTIGATED BY ALL THE POLICE OFFICIALS., BEFORE ANY INFORMATION WAS GIVEN TO THE SUPERIOR COURTS FOR WARRANT ARREST INFORMATION: AS THE COMPLAINT STATES FACTS HEREIN THIS CIVIL RIGHTS COMPLAINT...

## D. CAUSE OF ACTION

I allege that the following of my Constitutional rights, privileges, or immunities have been Violated and that the following facts from the basis of my allegations; (If more information is needed I will explain any allegation or to list additional supporting facts, I have labeled (" D. CAUSE OF ACTION "): NEXT ATTACHMENT EXHIBITS AT THE END: OF THE TRIAL RECORD.AND REPORTS: AND NEWS PAPERS:

CLAIM 1. VIOLATION OF ARTICLE IV.    THE PLAINTIFF STATES: AGAINST UNREASONABLE SEARCHES AND SEIZURES, shall not be Violated, and no Warrants shall issue but upon probable cause. NOT FALSE INFORMATION: VIOLATION OF ARTICLE V. nor be deprived of life, liberty, or property, without due press of the Law, nor shall private property be taken for public use, Without just compensation. not with false information by police officials. AND VIOLATION OF THE ARTICLE XIV. NO DENY TO ANY PERSON WITHIN ITS JURISDICATION THE EQUAL PROTECTION OF THE LAW: THE STATE OFFICIALS HAVE VIOLATED THE PLAINTIFFS RIGHTS TO TO THE UNITED STATES CONSTITUTION.

CLAIM 2. THE PLAINTIFF STATES: VIOLATION OF THE C. G. S. SECTION §§ 54-33f. MOTION FOR RETURN OF UNLAWFULLY SEIZED PROPERTY AND SUPPRESSION AS EVIDENCE: THE PLAINTIFF "( INVOKES )":

This Right by the Federal United States District Court that all the Warrants were MADE UP and false information was given to the superior Court Honorable Judge... To Arrest the ;;; Plaintiff; (" YES THEY MADE ME CRIMINAL TO ARREST THE PLAINTIFF. ALL THIS INFORMATION IS ATTACHED TO READ. THIS DOCUMENTATION BY THE SUPERIOR COURT: EVERY THING IS DATED COURT HEARINGS: AND WHAT HAPPEN TO THE PLAINTIFF ON ABOUT MARCH 20th., 2003. THE DOCUMENTATION IS LABELED D. CAUSE OF ACTION EXHIBITS AT THE END:

The plaintiff states that he believes the Defendant(S): ON ABOUT MARCH 20th., 2003. used false information to ("JUMP") ME AND BARK DOWN MY DOOR TO HURT ME., AND THEY ROBBED ME. ("SHOT") ME MORE THEN #3-TIMES: YES I HAVE EVIDENCE TO PROVE THESE FACTS THE 911 CALLS STATE #4-TIMES: BUT IT'S REALLY #7-TIMES: THE POLICE WANTED TO KILL ME...DETECTIVE: RAMON, BAEZ. POLICE OFFICIAL AND THE HOSPITAL HAD TAKEN OUT ALL THE GUNSHOT WOUNDS. THE CHIEF OF POLICE FIREARMS REPORT IS WRONG... COVER UP... IT'S ATTACHED HERETO READ THE FACTS: THE CHIEF OF POLICE : PATRICK J, HARNETT: REPORT IS NO GOOD... THEY LIED... FACTS ARE ON THE 911; call for help; this case is ("POLICE BRUTALITY") THIS IS DECEIVING UNDERHANDED PLANNING MISCONDUCT BY THE CHIEF OF POLICE. AND HIS OFFICERS: TO COVER UP THE CRIME SCENE: THE DETECTIVE: CLAUDETTE, KOSINSKI. CRIME GRIME SCENE PHOTOGRAPHS: OF ALL THE EVIDENCE THAT IS BEING WITHHELD TO THIS DATE: BY THE 911- calls for help; all the named defendants; CHIEF OF POLICE: HARNETT: DETECTIVE: BAEZ: DETECTIVE: CARABALLO: DETECTIVE: GORR: DETECTIVE LOLLAR: DETECTIVE: BROOKS: DETECTIVE: FOWLER: DETECTIVE: KOSINSKI: OFFICER: GAGNON., THE ATTACHED INFORMATION IS FACTS THAT THIS HAS BEEN A COVER UP FROM DAY ONE: ALL THE (DEA) INFORMATION FALSE: ALL THE CRIME SCENE UNIT LEAD INVESTIGATORS FALSE INFORMATION:  AND MISSING PHOTOGRAPHS OF THE REAL EVIDENCE: AND THE FALSE WARRANTS USED TO COVER UP THIS CASE: MADE AFTER THAT FACTS IN THIS CASE... AND THE FALSE CELL PHONES CALL NUMBERS MADE UP IN A COURT OF LAW??? BY THE POLICE AND THE JUDGE??? ALL FALSE NUMBERS NO MACH NONE... FALSE INFORMATION: THESE ARE THE FACTS IN THIS COMPLAINT. THE FACTS THAT THESE POLICE OFFICIALS ROBBED ALL THE EVIDENCE IN THIS CASE AT THE POLICE DEPARTMENT...

CLAIM 3. SUPPORTING FACTS (INCLUDE ALL FACTS YOU CONSIDER IMPORTANT, INCLUDING NAMES OF PERSONS INVOLVED, PLACES, AND DATES. DESCRIBE EXACTLY HOW EACH DEFENDANT IS INVOLVED. STATE THE FACTS CLEARLY IN YOUR OWN WORDS WITHOUT CITING LEGAL AUTHORITY OR ARGUMENT.):

A.) CHIEF OF POLICE: PATRICK, J. HARNETT: MY CLAIM THAT HE IS INVOLVED WITH WRONG INFORMATION: FACTS ARE IN EXHIBIT A. WITNESSES AGAINST HEM AND JANUARY 23rd., 2006. FIREARMS REPORT IS WRONG: THE 911-CALLS TO POLICE PROVES FALSE WITH THE COURT DOCUMENTATION: HEREIN THIS COMPLAINT: HE IS RESPONSIBLE FOR ALL THE INVESTIGATION IN THIS CASE AND HIS POLICE LEAD INVESTIGATION OFFICIALS: AND THEIR REPORTS: ON MARCH 20th., 2003.

B.) DETECTIVE: RAMON, BAEZ. POLICE OFFICIAL: HE IS THE LEAD OFFICER IN THIS CASE, AND RESPONSIBLE FOR HIS ACTIONS THE FALSE INFORMATION IN EXHIBIT A. B. C. D. E. FROM THE SHOTS #7 THAT HE (HIT) ME WITH. AND FALSE INFORMATION ON WARRANTS: CELL PHONES: FALSE (DEA) INFORMATION AND ALL THE FALSE INFORMATION IN A COURT OF LAW. AND WHAT HE DID TO ME ON MARCH 20th., 2003. OUT RIGHT POLICE: BRUTALITY IN THIS CASE.

C.) DETECTIVE: NESTOR, CARBALLO. HE IS THE LEAD INVESTIGATING POLICE OFFICIAL. HE IS RESPONSIBLE FOR ALL THE FALSE INFORMATION GIVEN BY HEM IN EXHIBIT A. B. C. D. E. ON ABOUT MARCH 20th., 2003. he is responsible for the same false false information as (BAEZ). THE FALSE INFORMATION IN ALL HIS REPORT: 2003 AND IN A COURT OF LAW.

D.) DETECIVE: GREGURY, GORR. POLICE OFFICIAL. HE IS RESPONSIBLE FOR ALL THE FALSE INFORMATION IN EXHIBIT A. B. C. D. E. AND WITHHOLDING INFORMATION FROM THE CRIME SCENE UNIT EVIDENCE: HE IS RESPONSIBLE FOR HIS ACTIONS ON WHAT HAPPEN ON MARCH 20th., 2003. and what said in A COURT OF LAW WAS FALSE INFORMATION: TO DATE.

E.) DETECTIVE: CURTIS, LOLLAR. LEAD INVESTIGATOR HE IS RESPONSIBLE FOR ALL THE FALSE INFORMATION IN EXHIBIT A. B. C. D. E. HE IS RESPONSIBLE FOR ALL THIS ABOVE FALSE IN FORMATION AND IN ON MARCH 20th., 2003. and in a COURT OF LAW WAS FALSE INFORMATION TO DATE.

F.) DETECTIVE: WINSTON, BROOKS: LEAD INVESTIGATOR: HE IS RESPONSIBLE FOR ALL THIS FALSE INFORMATION IN EXHIBIT A. B. C. D. E. YES HE IS RESPONSIBLE FOR ALL THE FALSE INFORMATION IN THIS CASE MARCH 20th., 2003., and the false information he said in a COURT OF LAW. FALSE INFORMATION ON ALL THE EVIDENCE IN THIS CASE.

G.) DETECTIVE: MARK, FOWLER. CRIME SCENE UNIT: YES: HE IS RESPONSIBLE FOR FALSE INFORMATION ON THE PHOTOGRAPHS OF EVIDENCE. WITHHOLDING EVIDENCE AND RESPONSIBLE FOR FALSE INFORMATION IN EXHIBIT A. B. C. D. E. RESPONSIBLE FOR HIS REPORTS MARCH 20th., 2003. and what he said in a court of law to date.

H.) DETECTIVE: CLAUDETTE, KOSINSKI. CRIME SCENE UNIT YES:

SHE IS RESPONSIBLE FOR HER FALSE INFORMATION AND WITHHOLDING EVIDENCE FROM THE CASE. ALL THE INFORMATION GIVEN WAS FALSE SHE IS RESPONSIBLE FOR THE FALSE INFORMATION IN EXHIBIT A. B. C. D. B, E. YES SHE WAS WRONG TO COVER UP THE CASE...IN march 20th., 2003. and the false information in a COURT OF LAW TO DATE.

I.) OFFICER: ROLAND, GAGNON: POLICE OFFICER: HE WAS IN CHARGE OF FALSE WARRANT INFORMATION ON MARCH 20th., 2003. and in a COURT OF LAW. HE IS RESPONSIBLE FOR THE FALSE INFORMATION IN EXHIBIT A. B. C. D. E. RESPONSIBLE FOR THE WARRANTS THAT THE INFORMATION WAS WRONG.

THE ABOVE POLICE OFFICIALS FAILED IN THEIR FALSE INFORMATION NO ONE INVESTIGATED INTO THE FACTS IN THIS CASE. THE STATE OF CONNECTICUT POLICE OFFICIALS AT HARTFORD POLICE PARTMENT (FABRICATINGF FALSE ARREST INFORMATION FOR WARRANT ARREST: AND ("POLICE : BRUTALITY ") : THE PLAINTIFF STATES HE WILL HAVE TO FILE DISCOVERY INTO THE CASE AND FILE (INTERROGATORIES) ON THE STATE OFFICIALS BECAUSE PLAINTIFF IS BEING DENIED VERY IMPORTANT INFORMATION TO DATE: BECAUSE OF THE FALSE INFORMATION GIVEN IN THE ARREST WARRANTS AND THE VIOLATION OF THE CONSTITUTION UNDER 42. U.S.C. §§ 1983.  WRIGHT V. SMITH. 21F3, 496. 500. (2d. Cir. 1994.): IT WILL NOT BE SUFFICIENT FOR A PLAINTIFF TO DOCTRINE OF RESPONDENT SUPERIOR. IE. THE ACTS OF THE DEFENDANT(S) IS RESPONSIBLE FOR THE INJURIES SOLELY BECAUSE HE OR/SHE WAS THE EMPLOYER OR SUPERVISOR OF THE INDIVIDUAL WHO (" CAUSED ") THE INJURY OR VIOLATED PLAINTIFF(S) RIGHTS.

THE PLAINTIFF STATES THIS IS BECAUSE IN A §§ 1983 ACTION BASED ON A GENERAL SHOWING OF LIABILITY UNDER THE GENERAL DOCTRINE OF RESPONDENT SUPERIOR ID. A 500, (citing johnson v. glick. 481. F. 2D. 1028, (2D. Cir. 1973.). THEREFORE, IF YOU ARE SEKING MONETARY DAMAGES, IT IS VERY IMPORTANT NOT ONLY TO IDENTIFY IN YOUR COMPLAINT FOR THE UNCONSTITUTIONAL CONDUCT, BUT TO DESCRIBE EXACTLY HOW THEY WERE RESPONSIBLE FOR THE ::: DEPRIVATION OF YOUR CONSTITUTIONAL RIGHTS:

THE PLAINTIFF STATES  D. CAUSE OF ACTION ATTACHMENTS AS EXHIBITS A.B.C.D.E. THE PLAINTIFF BELIEVES THIS CAN BE CLAIMED AS MONETARY DAMAGES ON ALL THE ABOVE POLICE OFFICIALS THAT ACTED FALSELY IN THIS CASE. THE DEFENDANT(S) ACTED UNDER (" COLOR") OF STATE LAW. AS REQUIRED BY THAT STATUTE . : RODRIGUEZ V. WEPRIN: 116 F. 3D, 62, 65, (2D Cir. 1997), (Citing POLK: COUNTY V. DODSON: 102 SCT. 445, (1981).

CLAIM 4. THE PLAINTIFF STATES THE SUPPORTING FACTS ABOVE ARE VERY CLEAR TO UNDERSTAND: JUST LIKE THE CONNECTICUT GENERAL STATUTES SECTION §§ 53-153. UNLAWFUL REMOVAL OR ALTERATION OF RECORDS. COUNTERFEITING SEALS. ANY PERSON WHO, WILLFULLY AND CORRUPTLY, TAKES AWAY, ALTERS, MUTILATES OR DESTROYS ANY BOOK, RECORD, DOCUMENT, ARCHIVE OR OTHER PROPERTY IN THE POSSESSION OR CUSTODY OR CUSTODY OR UNDER THE CONTROL OF ANY INSTITUTION, BOARD, COMMISSION DEPARTMENT OR OFFICER OF THE STATE OR ANY COUNTY OR (" MUNICIPALITY ") OR (" COURT ") , OR WHO COUNTER-FEITS THE SEAL OF THIS STATE OR THE SAME, OR WITH EVIL INTENT, AFFIXES ANY OF THE SAID TRUE SEALS TO ANY DOCUMENT, OR WHO HAS IN HIS POSSESSION ANY SUCH COUNTERFEITED SEAL, AND WILFULLY CONCEALS THE SAME, KNOWING IT TO BE FALSELY MADE AND : COUNTERFEITED, SHALL BE (IMPRISONED) NOT MORE THEN TEN YEARS. THE UNITED STATES DISTRICT COURT AND ATTORNEYS APPOINTED WILL MAKE VERY CLEAR THE VIOLATIONS IN THIS CASE AND AS THIS PLAINTIFF STATESFACTS HEREIN THIS COMPLAINT AGAINST ALL THE ABOVE POLICE OFFICIALS AT HARTFORD POLICE DEPARTMENT: THEY DISREGARDED THIS PLAINTIFFS CONSTITUTIONAL RIGHTS AND HIS FEDERAL AMENDMENTS TO THE UNITED STSTES CONSTITUTION.

## E . PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIF:

1.   I THE PLAINTIFF HAVE NOT FILED ANY OTHER LAWSUITS IN STATE OR Federal court dealing with the same facts involved iin this action otherwise relating to the conditions of your imprisonment:  NO  .

    A.  Parties to previous lawsuit;  NONE.
    B.   Names and location of Court and Docket No;  NO  .

_____

_____

    C.  Disposition of lawsuit.  none. no.
    D.   Issues raised;  NONE.
    E.  Approximate date of filing lawsuit.  NONE.
    F.  Approximate date of disposition.  NONE.
2.   I previously have sought informal of formal relief from the appropriate administrative officials regarding the acts complained of in part D. At The Superior Court. in a claim of

INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

THIS IS REGARDING A CRIMINAL MATTER HABEAS CORPUS PETITION. FILED AT THE ROCKVILLE TOLLAND SUPERIOR COURT, DOCKET NO: CV-07-4001817-S.and a MEDICAL HABEAS CORPUS PETITION BECAUSE IM SUFFERING FROM WHAT THE POLICE DID TO ME. MEDICAL CONDITIONS. AND I HAVE OTHER MEDICAL CONDITIONS UNTREATED THAT HAVE NOTHING TO DO WITH THIS CIVIL ACTION. DOCKET NO. CV-07-4001864-S.

3.    I have exhausted available administrative remedies YES. AND AT THIS TIME A ATTORNEY NAMED DATCY MCGRAW ALTMAN. HAS *HAS TO FILE MY CASE  INTO THE Appeals CoCourts but has not done this in the last #3 years??? keeps writing me letters that she will help me after her family problems; in new York State.???I cannot understand her because she ————➤TALK TO FAST ATTORNEY DARCY MCGRAW ALTMAN. CANNOT UNDERSTAND ME —CLAIMS: ———— **ATTORNEY CANNOT UNDERSTAND MY CLAIMS AT ALL NONE OF THEM???** LIKE I THE PLAINTIFF STATES THIS ATTORNEY KEEPS FILING MOTION FOR #3 years;;;; EXTENSION OF TIME. WITHIN WHICH TO FILE REPLY BRIEF INTO THE APPELLATE COURT.

A.C. 27000.  STATE OF CONNECTICUT. VS. IGNACIO, VILCHEL.

These above cases are pending for Trials ??? but there has been no date??? for Trials. at this time And my case here is a Civil Rights Complaint Under §§ 1983.  the Above cases are Criminal Matters; and I was given information these cases will take over #4 to #5. years in states Courts; THE PLAINTIFF HAS TO GO TO TRIAL NOW... ON FALSE INFORMATION FALSE CHARGES: AND CORRUPTION:

     F.   PREVIOUSLY DISMISSED ACTIONS OR APPEALS-NONE: THE PLAINTIFF NEVER FILED IN THE UNITED STATES DISTICT COURT.  NO CASES HAVE BEEN DISMISSED AS FRIVOLOUS, MALICIOUS, OR FOR FAILURE TO STATE A CLAIM UPON RELIEF MAY BE GRANTED.

     A.  NO PARTIES TO PREVIOUS LAWSUIT: NONE.

### G.  REQUEST FOR RELIEF:

I request the following relief; The plaintiff states that above Police Officials have Violated my Constitutional Rights; and im suffering the damages to this date; the actions and or/ omissions by the named Defendant(S) above an Complaints stated above in all the paragraphs and the attachment EXHIBITS AT THE END: Were reckless and / or deliberately disregarded the excessive risk to:  . **PAGE (19)**

To The plaintiffs case. Damages the plaintiff case. and thus
Contributing to, and proximately casing the plaintiff's injuries.
The damage has been Done by the Police Officials FOR NOT
INVESTIGATING THE PLAINTIFF(S) CRIMINAL RECORD:   I'M SORRY
I DO NOT HAVE ONE"(A CRIMINAL RECORD") ... This information
was all denied access to the Court. herein as stated.  this

Is Corruption IN  IT's BEST...

THE PLAINTIFF: STATES THE ( PREPONDERANCE:) OF THE PLAINTIFFS
EVIDENCE AND WITNESSES WARRANTS  THIS CLAIM AGAINST THE PLOICE
OFFICIALS THE DEFENDANT(S) HEREIN THIS COMPLAINT: BECAUSE STATE
OF Connecticut Hartford Police they failed to Act. and /or acted
rashly recklessly and with Wanton disregard of the plaintiffs
rights to be free from CRIMINAL MALPRACTICE. AND OTHER: CRUEL
UNUSAL TREATMENT BY ALL THE POLICE OFFICIALS :  THE DELIBERATE
INDIFFERENCE TOWARDS THIS PLAINTIFF. THE DEFENDANT(S) ABOVE
ARE  LIABLE IN THIS COMPLAINT., TO BEING THE PLAINTIFF TO TRIAL:
IN AN APPROPRIATE AND TIMELY MANNER. AND PLAINTIFF IS
REPRESENTING HIMSELF AND IS REQUESTING TO SUE ALL THE
DEFENDANT(S) IN THEIR INDIVIDUAL CAPACITY. AND IN THEIR
OFFICIAL CAPACITY: FOR $50.000. each UNDER 42 U. S. C. SECTION
1983;  CIVIL RIGHTS COMPLAINT. IN THE UNITED STATES DISTRICT
COURT...

THE PLAINTIFF HAS SUFFERED  AND CONTINUES TO SUFFER THE
FOLLOWING:

   A.)  LOSS THE RIGHT TO GET BACK HIS FREEDOM:

   B.)  LOSS OF ABILITY TO WORK: LIKE A MAN...

   C.)  PAIN AND SUFFERING:

RELIEF REQUESTED:

WHEREFORE:  AS a result to this Complaint Due to the personal
damage and injuries and losses cased by the Defendant(S) the

the plaintiff seeks financial damages caused by all the Defendant(S) including his freedom. But not limited to:

A.) MONEY FOR PAIN AND SUFFERING:

B.) MONEY FOR MENTAL AND EMOTIONAL DISTRESS:

C.) MONEY RECOVERABLE AS A RESULT OF THE ACTS AND THE OMISSIONS OF DEFENDANT(S) IN THIS COMPLAINT:

D.) REQUEST COMPENSATORY DAMAGES IN THE AMOUNT IN EXCESS of $500.000.00 DOLLARS:

E.) REQUEST FOR REASONABLE ATTORNEYS FEES:

F.) REQUEST MONEY FOR PUNITIVE DAMAGE IN EXCESS OF $100. 000.00.DOLLARES:

G.) REQUEST FOR $50.000.00 DOLLARS FROM EACH DEFENDANT IN THEIR OFFICIAL CAPACITY AND INDIVIDUAL CAPACITY:

H.) REQUEST SUCH OTHER RELIEF AS THE UNITED STATES DISTRICT COURT DEEMS JUST AND PROPER... IN CONCLUSION, AS DISCOVERY PROGRESSES THERE WILL BE AMPLE OPPORTUNITY TO CITE ADDITIONAL PARTIES AS APPORPRIATE. UNDER JOHN DOE 1-99. WHO ARE UNKNOW AT THIS DATE:

## H.  J U R Y   D E M A N D

DO YOU WISH TO HAVE A JURY TRIAL:  YES...

"(YES")  THE PLAINTIFF REQUEST A JURY TRIAL WITH JURY MEMBERS.

VILCHEL, IGNACIO.
ORIGINAL SIGNATURE OF ATTORNEY:
(IF ANY): NO ATTORNEY AT THIS
time.
MACDOUGALL WALKER CI
1153EAST STREETVSOUTH
SUFFIELD., CONNECTICUT, 060800-0002.

PLAINTIFF(S)
ORIGINAL SIGNATURE.
(PRISONER) #309674

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the foregoing following facts from the basis of my allegations; and Complaint is here to read; (" THE INVESTIGATION REPORTS COME AFTER THE FIRST WARRANT WAS MADE"): AND THIS FIRST WARRANT HAD FALSE INFORMATION... ALL WARRANT(S) ARE FALSE BECAUSE THEY DO NOT HAVE CREDIBILITY ON IT'S FACE:THE SECOND WARRANT HAS NO CREDIBILITY ON IT'S FACE: THE LAST INVESTIGATION BY THE UNITED STATES DEPARTMENT OF JUSTICE ACTED ON ALL FALSE FACTS AND FALSE INFORMATION: AND FACTS THAT United states did do their own investigation in-to this Plaintiff...

# EXHIBIT A

Everything started when my husband, Ignacio Vilchel, let a friend borrow my car (station wagon) to go get some tools at the shop where they both worked. This person was taking too long so my husband Ignacio and my brother Cecilio Casado, who had been here only for a month from P.R. to work here, decided to go to the shop to see why this person was taking so long, his name is Roberto Morales.

When they arrived at the shop my husband and my brother, they got there in a tow truck, they saw my station wagon parked in front with the doors opened and my brother got out to check my station wagon and didn't see anyone. My car was a mess, immediately they got back to the house to get a copy of the car to move it back home, on the way home, once they arrive at home they locate a copy of the key when are ready to leave as they open the door they see 4 men, quietly with weapons in their hands running towards the house. My husband and my brother enter the house and my brother holds the latch on the door to avoid that these individuals enter.

These individuals did not say a word and we thought that they were thieves. I look out the window and see these men from one side to the other with weapons in their hands, in plain clothes, without badges and not saying a word. They fired a shot that broke the window and my husband yells at me to get the police and I run to call the police before securing my kids, 5 and 2 two years old under the bed. I called the police asking for help. Ramon Baez was the first man in and as soon as he saw my husband with a weapon in his hand he started firing.

On March 20, 2003, 4 Detectives entered my house looking for drugs, one of the Detectives shot at my husband, Ignacio Vilchel. In my house no drugs were found. My husband and my brother are both arrested. We did not know that they were police officers. At the moment that they fired at my husband I called 911 asking for help. I was not arrested buy they took my money $4,500 that I had received from and $11,000 to $13,000 in gold jewelry from the safe box to the police department's, Property room.

I was never arrested and they couldn't give me back my money or jewelry because they were stolen from the police department.

# HARTFORD POLICE DEPARTMENT

## INTERDEPARTMENTAL MEMORANDUM

**TO:**     Assistant Chief Lester McKoy
            Chairman Firearms Discharge Board of Inquiry

**FROM:**   Patrick J. Harnett *[signature]*
            Chief of Police

**DATE:**   January 23, 2006

**SUBJECT:** FINAL REPORT OF THE FIREARMS DISCHARGE BOARD OF
             INQUIRY RE:  SHOOTING OF 3/2/03 AT 247 WHITNEY STREET

*[handwritten annotations: "(COVER - UP LIES)" "THEY ARE WRONG" "Lying"! "(shots) #7,"]*

I have reviewed the reports of the investigation and the final report of the findings
and recommendations of the Firearms Discharge Board of Inquiry (FDBI)
regarding the firearms discharge that took place at 247 South Whitney Street on
3/20/03 where on duty Detective Ramon Baez fired 3 shots from his authorized
service handgun striking  Ignacio Vilche multiple times.  I have also reviewed
reports of investigations that were conducted in related matters in the aftermath
of this incident.  In addition, I have had discussions with Assistant Chief Lester
McKoy, Chairman of the FDBI,  Assistant Chief Mark Pawlina, who was
appointed Chief of Detectives in   September of 2004 and supervises the Vice
and Narcotics Division, as well as with Lieutenant  Neil Dryfe, the Commanding
Officer of the Internal Affairs Division regarding the facts and circumstances of
this case.  As a result, the following is my decision regarding the findings and
recommendations of the FDBI:

1. The FDBI did not reach a majority finding with regard to Detective Baez'
   firearms discharge; three members voted the shooting was justified; three
   members voted that the shooting was justified by statute but not in
   complete compliance with department guidelines, policies, procedures and
   applicable training programs; and one member voted that the shooting
   was not justified.  After reviewing the investigation, I am closing the case
   with a finding of "Justified."

It is clear from the investigation that at the time that Detective Baez fired at
Ignacio Vilche, Vilche was attempting to load a firearm as he was walking
toward Baez.  It was reasonable for Baez to believe that the use of his
firearm was necessary to defend himself from the imminent use of deadly
physical force, in compliance with the Hartford Police Department's
Firearms Guidelines.  I have concluded that with regard to the actual
firearms discharge, there were no identifiable violations of "department
guidelines, policies, procedures, and applicable training programs" that
would support a finding of "Justified by Statute but not in complete

1          that.

2    BY MR. KLEIN:

3          Q    Was that everything:  Hurry, hurry, shot, shot,

4    or did you say anything else?

5          A    Hurry up; hurry up, 247 South Whitney Street,

6    shot -- I never forgot what I said.  Never.

7                THE COURT:  What was the last part that she

8          said?

9                THE INTERPRETER:  -- would indicate he's

10         being killed.

11               THE COURT:  He's being killed?

12               THE INTERPRETER:  They're killing him.

13   BY MR. KLEIN:

14         Q    And while you were on the phone, did you hear any

15   shots?

16         A    Yes, uh-huh.

17         Q    And do you recall how many?          (The tape has to go
                                                      Lab-work ..
18         A    It's like two -- like three or four -- no, it's    Identification!

19   two -- pow, pow, pow, pow, in the moment. ("Lot MORE THEN thos")

20         Q    Now, when you heard the shots, what did you think

21   would happen -- what did you think was happening?

22         A    Huh.  I think -- I talking on the phone right,

23   pow, pow, pow, they already kill my brother and my husband,

24   everybody over there -- so they're coming now to kill me.

25   So I --

26         Q    All right.  When you say "they," who are you

27   talking about, "they"?  Who did you think was "they"?

1    she remember, in addition to what she heard just

2    now on the tape, does she remember what she said

3    that night.  She's not quoting some out-of-court

4    declarance.

5         THE COURT:  All right.  Spontaneous

6    utterance, what did you say?  I've got to do

7    everything.

8  BY MR. KLEIN:

9    Q    All right.  Elizabeth, what did you say, to the

10  police?

11   A    I say in the tape, hurry up, hurry up, 247 South

12  Whitney Street, shot, shot, (Spanish).

13        THE COURT:  What does that mean?

14        THE INTERPRETER:  The word -- means shot,

15   your Honor.

16        THE COURT:  Shots?

17        THE INTERPRETER:  A shot is -- a shot.  --

18   would be shot, shots.

19        THE COURT:  Hurry up, hurry up, shot, shots.

20  BY MR. KLEIN:

21   Q    Anything else on there, or is that the entire

22  statement that you made?

23   A    (No verbal response)

24        THE COURT:  Was there a question pending?

25        MR. KLEIN:  Yes.  I asked her whether there

26   was anything else that she said, because the

27   length of her statement seems to be longer than

1     unaware --

2        THE COURT: First paragraph talks about needing

3     the information for a reasonable bond. You have a

4     bond that has been set.

5        MR. KLEIN: I'm sorry. I'm sorry, yes.

6        THE COURT: And he has been arraigned. I will

7     hear you, sir.

8        MR. KLEIN: May I inquire, thought, before I am

9     heard—and this is not going to be lengthy—if there

10     is any objection to my request which is that I be

11     provided with a copy with any redaction of names. I

12     know that Mr. Morelli was not the state's attorney

13     when I had mentioned that. Apparently, according to

14     Detective Brooks who is the head investigator, and I

15     know the decision on these things is up to the state

16     and not the police, but he had indicated to me that

17     when they applied to Judge Lavine for a warrant and

18     a sealed warrant it was because of the safety of

19     informants. **ALL BIG LIES! NEVER HAD A WARRANT.**

20        And I responded, I believe when Mr. O'Reilly

21     was here, that I certainly would not want to

22     jeopardize informants. And that if I could be given

23     the warrant with the redaction of those names, that

24     would seem to satisfy everyone interests, if indeed

25     that is the reason that the state wanted the warrant

26     sealed.

27        So, I am wondering if there is any objection to

July 6th, 2005

Q Relevant to what was going on there?

A That narcotics was being sold out of that location.

THE COURT: All right. Ladies and gentlemen, I think I did this with all of you. I said that the -- yeah, I did it with everybody -- there could be evidence for a limited purpose. The purpose of this is to the effect on the hearer, what he does in response to that information.

It is not for the truth of that information, of what he just said about informant information, DEA. It's only how that affected him and what he does next. → WRONG INFORMATION BY THE COURT. WRONG

BY MR. FAHEY:

Q After -- did there come a point where the defendant and the passenger got back in the tow truck?

A Yes.

Q And what happened at that point?

A They started driving southbound on Françis Avenue, and we believed that, based on the information we had and the registration of the van, that they were going to go back to 247 South Whitney Street, where we thought the drugs were coming out of. So we decided that we were going to follow them to that location and affect the arrest there.

Q Did there come a point where you lost sight of

1        A    Yes.

2                 MR. FAHEY:  May I approach the witness?

3                 THE COURT:  Yes.

4                 MR. FAHEY:  And for counsel's sake, what I'm

5        referencing page 6 of a 16-page report of

6        Detective Brooks, Paragraph 2.

7   BY MR. FAHEY:

8        Q    Does that refresh your recollection as to the

9   color of the minivan?

10       A    Yes.

11       Q    What color was it?

12       A    White.

13       Q    Okay.  Now, you indicated you received an address

14  off the registration and a name.  Had you received any

15  information prior about that address or that location?

16       A    Yes.

17       Q    Okay.  And what was the nature of the information

18  you received?

19       A    We got information from the DEA, that they had

20  conducted surveillance, and investigation at that location,

21  and also informant information.

22                 THE COURT:  All right.  Ladies and

23            gentlemen --

24                 MR. FAHEY:  Well, may I just finish

25            before --

26                 THE COURT:  Okay.

27  BY MR. FAHEY:

July 6th, 2005.

I Believe thu A HY

THE WITNESS:  Information from DEA that I conduct an investigation at that location, and also informant information.

THE COURT:  And based on that, what effect did that have, if any, on you?

THE WITNESS:  Based on that and the fact that we came up with the registration which had that same address, we believed that the drugs were coming from that location.

THE COURT:  And if I'm not mistaken, from your discussions in chambers with counsel, they lose sight of the tow truck, but they know where he's -- that location.  And they go to the location, expecting the tow truck to go there.  Okay.

MR. KLEIN:  May I make my claim, your Honor?

THE COURT:  Yeah.

MR. KLEIN:  Based on the facts that it was registered to a certain location, and it was followed to that location, was seen at that location, is enough to explain, in terms of effect on the hearer, why --

THE COURT:  That isn't the way it happened.

MR. KLEIN:  -- he went to the door of that location.

THE COURT:  That's not the way it happened.  They see him going in the direction of that

# EXHIBIT E

1    that I released Mr. Rodriguez simply to then

2    provide the exculpatory information, I have never

3    had anything but a cell phone number, which I

4    received at ten of five the day before.

5         I didn't know he lived out of state. I

6    still to this day don't know he lives out of

7    state except on representations of Mr. Klein,

8    from Mr. Gerace, apparently, from their

9    conversations.

10        So I just want the record to be clear, there

11    was no intention on the State's part to -- nor is

12    there any obligation on the State's part to hold

13    witnesses for people either. The State's

14    obligation is merely to provide exculpatory

15    information, which the State did, in its

16    continuing obligation.

17        THE COURT: Ready for the jury?

18        MR. KLEIN: Yes.

19        THE COURT: I wonder when I should address

20    the jury that we have potential problems here, of

21    a witness that's being sought that for some

22    reason we've lost, through no fault of counsel,

23    that this could go over until July -- I mean, the

24    end of July.

25        MR. KLEIN: Was Attorney Gerace going to get

26    back to the Court early today?

27        MR. FAHEY: Why don't leave that at least

1    THE COURT:  Aren't subpoenas good for thirty

2  days?

3    MR. FAHEY:  Sixty.

4    THE COURT:  Sixty.  He's still even subject

5  to the State's subpoena.

6    MR. FAHEY:  Except I released him, but --

7    THE COURT:  Yeah --

8    MR. KLEIN:  But because of certain testimony

9  that I believe he will reveal, if it's consistent

10  with his written statement about cell phones,

11  cell phone records, which would come in through

12  Detective Brooks, the lead investigator.

13    I would need him, preferably, right off the

14  bat, so to speak, at least before the defendant

15  and Detective Brooks testify.  So that's the

16  status, your Honor.

17    I'm not saying I will be totally unprepared

18  if I don't have him, but really, the heart of my

19  case, I feel, would be Josue, Detective Brooks,

20  with the seized records, and the defendant.

21    THE COURT:  All right.

22    MR. KLEIN:  Thank you.

23    THE COURT:  All right.  I'm aware of that.

24  I'm also aware that the only link to Josue at

25  this particular point is Mr. Gerace, and Mr.

26  Gerace says he has phone calls out to him.

27    MR. FAHEY:  Lest there be an implication

EXHIBIT D

#5

# METRO HARTFORD

BLOOMFIELD • HARTFORD • NEWINGTON • ROCKY HILL • WEST HARTFORD • WETHERSFIELD • WINDSOR

# Harnett Remains Silent On Shooti

## Yet To Act On Report Of Firearms Inquiry

**By TINA A. BROWN**
COURANT STAFF WRITER

**HARTFORD**

Issues linked to preliminary findings of a city firearms review board that recommend that a Hartford detective be

cleared in a March 2008 shooting have been discussed at a federal hearing and in city hall council chambers.

But Police Chief Patrick J. Harnett says he can't talk about the findings, and won't say when he plans to act on them. Under department regulations, rec-

ommendations of the firearms board must remain secret until the chief officially endorses — or rejects — them.

The preliminary findings on the South Whitney Street shooting, sources say, have been on Harnett's desk about eight months. The report, a copy of which has been obtained by The Courant, recommends clearing the detective who shot a drug dealer, but also raised questions about actions leading up to the shooting.

Through his spokeswoman, Harnett declined to say why he has not made a decision on the report. Harnett, spokeswoman Nancy Mulroy said, is "prohibited from talking until he has made a decision. There will be no comments until then."

Citing confidentiality rules, Assistant Police Chief Lester McKoy, chairman of the firearms discharge board of inquiry,

also said he is prohibited from discussing board actions.

The firearms board was established after a federal judge ordered its formation to address residents' concerns about police shootings. The 2008 shooting case of Det. Roman Baez is the first the board has forwarded to Harnett since he became chief in 2004.

But since the South Whitney Street shooting of Ignacio Vilchel, four others officers have fired their weapons at suspects in the city.

All but one of those shootings are under investigation by the major crimes division and still must be reviewed by the firearms review board, police sources said. One of the shootings also is being investigated by the state's attorney in Waterbury.

The delay in the Baez case has prompted criticism from Nicholas Carbone, a ci-

vilian board member and a frequent department critic.

Carbone, the only member who voted that Baez was not justified when he shot Vilchel, has pressed the issue of the preliminary report at city hall and as part of hearings on a federal consent decree order involving creation of the shooting review board.

"We think the chief deliberately held the report and violated the rights of Vilchel," Carbone said.

Mayor Eddie A. Perez said he has reviewed the report and talked to Harnett about the case, but said there is no timetable for the chief to review a board recommendation.

"I know the case is still active on his desk. He is still working it," Perez said.

According to the report, six of seven members of the firearms review board concluded that Baez was justified when

he shot Vilchel.

But three members about circumstances shooting. Although the shooting was j questioned whether t department rules in t chel.

Among the issues was the officers' dec. suspect's unregister car to follow Vilchel supplier — to his hou

Baez and two other Lollar and Nestor C. conducting a narcotic Street when they per inform on Vilchel. Vilcheland tried to where the police hop

PLEAS

continua PD

*Handwritten note (left margin):*

The Log Book NEVER was Called Into (Court), the Same Police Officer(s) Robbed All the Evidence, BECAUSE. They Have the Right To go OVER Evidence; They Robbed the Evidence, "Cops" ARE Criminals; Yes "p

# Two Crimes; One Solved

## 20-Year Sentence In Drug Case

**By STEPHANIE REITZ**
**COURANT STAFF WRITER**

Ignacio Vilchel was sentenced to prison for 20 years Wednesday, bringing one phase of another Hartford drug-dealing case to an official close.

But the theft of gold jewelry and $4,500 seized during Vilchel's arrest remains unsolved, a cold case made all the more perplexing because the cash and jewelry disappeared from a locked safe inside the Hartford Police Department.

An internal affairs report concluded that three detectives violated department guidelines by failing to adequately secure the safe and its contents, but neither they — nor anyone else — has been implicated in the theft.

The case remains unsolved, with no suspects or leads, an uncomfortable epilogue to an arrest that otherwise might have been trumpeted as another step toward getting drugs off city streets.

Hartford police Lt. Scott Sansom acknowledged Wednesday that the case is at a standstill, although he said department officials are confident that it will not happen again because of tighter standards implemented after the theft was discovered.

"As of right now it's not solved as to where the items went," Sansom said. "It's still open and we haven't found the person responsible, but the downfalls that we found in our systems and processes that allowed it to happen have been addressed."

"As of right now it's not solved as to where the items went," Sansom said. "It's still open and we haven't found the person responsible, but the downfalls that we found in our systems and processes that allowed it to happen have been addressed."

The case dates to March 20, 2003, when two suspected drug dealers told undercover officers that Ignacio Vilchel was their heroin supplier. As police tried to apprehend Vilchel at his South Whitney Street home, one of the detectives shot Vilchel four times when Vilchel leveled a gun at them.

Among the items seized from the home under a warrant the next day was a portable fire safe. The key for the safe was found on a key ring in Vilchel's clothing as he was being treated at the hospital for the gunshot wounds.

Using the key, Hartford police Dets. Claudette Kosinski and Timothy Shaw opened the safe at the police department because they believed the contents were covered under the scope of the original search warrant, according to the internal affairs investigation.

The detectives discovered the jewelry and counted about $4,500 in cash, but returned the items to the safe and locked it after another officer questioned whether they needed a separate warrant to view the safe's contents, the report says.

PLEASE SEE **CRIMES**, PAGE B9

# TOWN NEWS INDEX

| | |
|---|---|
| East Hartford | B3 |
| East Windsor | B2 |
| Manchester | B2 |
| Somers | B2 |
| Tolland | B3 |
| Vernon | B3 |
| Public Notices | E10 |
| Local Obituaries | B7 |

**News Bureau**

101 Phoenix Ave., Enfield, CT 06082. Telephone: 860-253-5722 or toll-free 800-524-4242, Ext. 5722. Fax: 860-741-7174.

# courant.com

Visit courant.com for more news stories. And search for local upcoming events on ctnow.com.

Mr. Klein, would you just relax for a second?

1        MR. KLEIN:  I'm relaxed, your Honor.  It's

2   just that the State's Attorney --

3        THE COURT:  I mean, there's stuff in here

4   that looks like injuries that can't be the

5   gunshot wounds.

6        MR. KLEIN:  I believe they are.

7        THE COURT:  So, he can mark them for

8   identification --

9        MR. FAHEY:  Oh, absolutely.

10       THE COURT:  -- but he can identify the

11  injuries.

12       MR. KLEIN:  Oh, yes.

13       THE COURT:  The defendant.

14       MR. KLEIN:  Oh, I see -- well --

15       THE COURT:  I -- the relevance of these,

16  there's some relevance but it's unexplained.

17  There's so much in here, I don't know what the

18  heck is what.

19       MR. KLEIN:  All right.  I can reoffer

20  them --

21       THE COURT:  There's a bunch of open wounds

22  on the stomach --

23       MR. KLEIN:  All right.

24       THE COURT:  -- and I see a wound in the leg.

25  I've heard testimony he's only been shot two or

26  three times.  I see things that almost make it

# EXHIBIT C

*this is right!*

look like he was shot seventeen times. *#7 Times!*

MR. KLEIN: Yes, and they will make sense when the jury reads the hospital records, and when the State's Attorney says the rest can stay out, he just wants to --

THE COURT: Are these in conjunction with the hospital records? Do they explain? I don't know what the wounds are. I haven't read the --

MR. KLEIN: Your Honor, if I may, please.

THE COURT: Yeah.

MR. KLEIN: When the State's Attorney says, the cocaine is relevant; the rest can stay out; I want to remind the Court that's already been admitted as a full exhibit. The entirety of the hospital records --

THE COURT: All right. Mr. Klein, here's what I'm telling you. I'm allowing this in, but I want to know how you're going to further explain these to the jury --

MR. KLEIN: It's very simple.

THE COURT: -- in reference to connecting it to the hospital records, and I'm not compelling the testimony of the defendant --

MR. KLEIN: Correct. Just let me mark them in front of the jury.

THE COURT: And if you want to call the defendant, else wise, you've got to tie him to

1     That's not his number.  That's the issue.

2          MR. KLEIN:  We'll see.

3     -  MR. FAHEY:  Unless Mr. Klein is seeing the

4     number different than the Court and I.

5          MR. KLEIN:  Well, this document --

6          THE COURT:  Well, you know, the jury isn't

7     here, so -- I'm getting an impression that Mr.

8     Klein knows who Mr. Lauriano is, and that gives

9     me even more of a belief that there's some

10    connection here.

11         But it's a different number.  It's 44 versus

12    54.

13         MR. FAHEY:  No, it's not only that, but the

14    zero is reversed in it too.

15         THE COURT:  250 -- wait a minute.  I've got

16    to go back to the other page.  I went to another

17    page.  No, it's all different.

18         MR. FAHEY:  Yes, it is.

19         MR. KLEIN:  Not on this page.  It's the same

20    number.

21         THE COURT:  250-0654, and this one is 250-

22    6544.  So there's a couple different numbers.

23         MR. KLEIN:  I need to contact the cell

24    phone --

25         MR. FAHEY:  I just want to know, is Mr.

26    Klein seeing the correct number somewhere on

27    there?

# EXHIBIT B

Cell Phone Cover Up!
NONE, False Information
"Evidence" = No
YES →

1  front of this jury --

2        MR. FAHEY:  No, it doesn't.

3        MR. KLEIN:  I'd ask that --

4        MR. FAHEY:  Here it is.  What's it say?

5  Edwin Lauriano.  What's the number next to it --

6  254 what?

7        THE COURT:  0654.

8        MR. FAHEY:  Thank you.

9        THE COURT:  And the number you're looking at

10  is 44.  That's what the warrant is for.

11        THE WITNESS:  That's what the warrant's for,

12  and I tell you, your Honor, we never saw that,

13  that number, the one right there.

14        MR. FAHEY:  I just saw it.  I turned to my

15  intern and said oh my God.

16        THE WITNESS:  At least two detectives and

17  other prosecutors looked at that.

18        MR. FAHEY:  Including Mr. Gailor, the deputy

19  chief state's attorney.

20        THE WITNESS:  Absolutely.

21        MR. KLEIN:  Yes.  I'm going to need him back

22  on Monday, your Honor.

23        THE COURT:  Him?

24        MR. KLEIN:  Yes.  I will bring in Mr.

25  Lauriano.

26        THE COURT:  What do you need him for?

27        MR. FAHEY:  You don't need Mr. Lauriano.

1   location, and when they lose it they go to that

2   location, and lo and behold, there's the tow

3   truck.

4       And that is probative to explain to the jury

5   why they go to that location, coupled with the

6   information of the registration of the van.  So

7   it's probative and would assist the jury to

8   understand and is a proper -- I've got to do -- a

9   limited --

10       I'm going to tell the jurors, I'm going to

11   say it's only to the effect on him, not to the

12   truth to the matter therein.  I'm going to tell

13   them that, okay.

14       MR. KLEIN:  My objection then is noted.

15       THE COURT:  Your objection is noted.  Now,

16   I'll have to wait until we get to that point, to

17   instruct the jury on that.

18       MR. FAHEY:  Well, we're almost at that

19   point.

20       THE COURT:  You're almost at that point?

21   Bring the jurors back in.

22       MR. KLEIN:  I would further claim that the

23   questions the questions the Court was asking the

24   witness --

25       THE COURT:  I'm not going to do it.

26       MR. KLEIN:  -- in terms of where he got the

27   information, from the DEA informant --

*"LYING" COVER UP by STATE YES!*
*OUT-RIGHT FALSE INFORMATION . YES!*

1                MR. FAHEY:  May we approach for one moment?

2                THE COURT:  Yes.

3                (Off the record discussion)

4  BY MR. FAHEY:

5      Q    Now, while -- after the defendant got out of the

6  flatbed tow truck, did you see him do anything?

7      A    Some him get on the cell phone and call Josue.

8      Q    And after he got on his cell phone, what happened

9  to Josue's cell phone?

10     A    It rang, and Josue answered.

11     Q    And what was said at that point?

12     A    Mr. Vilchel then -- well, I'm assuming it was Mr.

13  Vilchel, right now -- said that he was at the scene and he

14  wanted to know where Josue was.  Josue told him that he had

15  left the area because Roberto never showed up.

16     In the meantime, we were watching this going on.  They

17  then get back into the tow truck and traveled southbound on

18  Francis Avenue, and we start following them.

19     Q    Okay.  Now, with respect to the address that you

20  received off the registration from the minivan -- let me

21  back up to the minivan for a second.  I'll withdraw the

22  previous started question.  You indicated you thought the

23  minivan was gray.  Were any reports prepared with respect

24  to the color of the minivan, if you know?

25     A    I believe so.

26     Q    Okay.  Would that refresh your recollection as to

27  the color of the van, if you were to see that?

1  them?

2     A    Yes.

3     Q    Okay.  And what did you do in response to losing

4  sight of them?

5     A    After we lost sight of them, we proceeded to 247

6  South Whitney Street.

7     Q    Did any vehicle arrive at 247 South Whitney

8  Street while you were on that street?

9     A    Yes.  As we were going down that street, we saw

10  the tow truck pull in to 247, the driveway at 247 South

11  Whitney.

12           MR. FAHEY:  May I approach the clerk,

13         please.

14                     (Pause)

15           MR. FAHEY:  May I approach the witness?

16           THE COURT:  Uh-huh.

17  BY MR. FAHEY:

18     Q    I'm going to show you first of all, what's been

19  marked State's Exhibit 10 for Identification; ask you if

20  you recognize what's in that photograph.

21     A    That's the car we used, the Aurora, the two

22  buildings in front of 251 -- 247, I'm sorry.

23     Q    Okay.  And is that a fair and accurate

24  representation, other than the yellow police tape, of how

25  that area looked when you arrived that evening?

26     A    Yes.

27     Q    Okay.  Was it light or dark when you arrived?

1     my request.

2           THE COURT: Mr. Morelli?

3           MR. MORELLI: Well, again, as Your Honor

4     pointed out, his motion is really addressed to

5     reasonable bond and that has been addressed.

6           However, number three of his motion requests

7     that information contained in the affidavit not be

8     subject to any restriction. Although I don't have a

9     problem necessarily with redacting the names, I

10    still have a problem with giving him carte blanche

11    to disseminate the rest of the information contained

12    in the affidavit. I think that there should be some

13    limited instructions by the Court that it still not

14    be disclosed during a period of the sealing to

15    anyone other than his office staff and only for

16    purposes necessary for the defense of the matter.

17          MR. KLEIN: That is basically what I am asking

18    for. I would -- staff to include any private

19    investigator. The problem is the investigator would

20    almost have to -- in taking statements, share other

21    versions, I suppose, with family members of the

22    defendant who are I think going to be witnesses, at

23    least one of them.

24         I am not looking to necessarily open this to

25    the entire public, but I think I need it and need to

26    be able to explain to people what the claims of the

27    state are going to be.