UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IGNACIO VILCHEL :
    Plaintiff, :
: PRISONER CASE NO.
v. : 3:07-cv-1344 (JCH)
:
STATE OF CONNECTICUT, ET AL.[1] :
    Defendants. : DECEMBER 10, 2008

**RULING ON PENDING MOTIONS**

The plaintiff has filed this civil rights action pro se and in forma pauperis, pursuant to 28 U.S.C. § 1915. He claims that the defendants, members of the Hartford Police Department, falsely arrested him, used excessive force during the arrest, and maliciously prosecuted him. Pending is a Motion to Dismiss brought by the defendants. For the reasons that follow, that Motion [Doc. No. 11] is **GRANTED**.

**I.    STANDARD OF REVIEW**

In deciding a motion to dismiss, the court accepts the allegations of the complaint as true and construes them in a manner favorable to the pleader. Hoover v. Ronwin, 466 U.S. 558, 587 (1984); Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). The court must draw all reasonable inferences in the plaintiff's favor. See, e.g., Yung v. Lee, 432 F.3d 132, 146 (2d Cir. 2005) (discussing Rule 12(b)(6) motion to dismiss); Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003) (internal citations omitted) (discussing Rule 12(b)(1) motion to dismiss). The court must

---

[1] The State of Connecticut, the Hartford Police Department, Chief of the Hartford Police Department Patrick J. Harnett, Detectives Ramon Baez, Nestor Carballo, Gregory Gorr, Curtis Lollar, Winston Brooks, Mark Fowler, Claudette Kosinski and Roland Gagnon are named as defendants. On January 17, 2008, the court dismissed the claims against the State of Connecticut and the Hartford Police Department, pursuant to 28 U.S.C. 1915(e)(2)(B)(i). The claims against defendants Harnett, Baez, Carballo, Gorr, Lollar, Brooks, Fowler, Kosinski and Gagnon remain.

construe pro se pleadings "broadly, and interpret them to raise the strongest arguments that they suggest." Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000).

A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), tests only the adequacy of the complaint. United States v. City of N.Y., 359 F.3d 83, 87 (2d Cir. 2004). In deciding a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996) (internal quotations omitted). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-5 (2007).

## II.    BACKGROUND

Keeping this standard in mind, the court accepts the following allegations set forth in the Complaint as true. On March 20, 2003, pursuant to an arrest warrant containing false information, Hartford Police Detectives Baez, Carballo, Gorr, Lollar, Brooks, Fowler, Koskinski, and Gagnon broke down the door to plaintiff's home and arrested him. During the arrest, Detective Baez shot plaintiff more than three times. After plaintiff's arrest, the defendants issued false reports, fabricated and tampered with evidence, withheld crime scene photographs, and fabricated search warrants. Chief of Police Harnett issued an inaccurate firearms report and failed to supervise the detectives involved in the arrest. All of the defendants offered false testimony at trial. Plaintiff was subsequently convicted and sentenced to twenty years imprisonment.

In connection with plaintiff's arrest, the defendants seized a portable safe containing $4,500 in cash and some jewelry, and transported the safe to the Hartford Police Station. The cash and jewelry were subsequently stolen from the safe.

## III. DISCUSSION

The defendants argue that the false arrest and excessive force claims against them are barred by the statute of limitations, and that the claim of malicious prosecution fails to state a claim upon which relief may be granted.

### A. False Arrest and Excessive Force Claims

The defendants contend that Connecticut's three-year statute of limitations, applicable to claims brought pursuant to 42 U.S.C. § 1983, bars plaintiff's false arrest and excessive force claims. In Connecticut, the general three-year statute of limitations for personal injury claims, set forth in Connecticut General Statutes § 52-577, has uniformly been found applicable to federal civil rights actions. See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (applying Connecticut's three year statute of limitations to actions brought pursuant to 42 U.S.C. § 1983).

Although the federal court looks to state law to determine the applicable statute of limitations for claims arising under section 1983, the court looks to federal law to determine when a federal claim accrues. See Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007) ("While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law.") Under federal law, "a cause of action generally accrues 'when the plaintiff knows or has reason to know of the injury that is the basis of the action.'" M.D. v. Southington Bd. of Educ., 334 F.3d 217, 221 (2d Cir. 2003) (quoting Leon v. Murphy, 988 F.2d 303, 309

3

(2d Cir. 1993)).  With respect to false arrest claims, the Supreme Court held in Wallace that, "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."  Wallace, 127 S. Ct. at 1100.

Plaintiff alleges that he was arrested on March 20, 2003.  Documents attached to the plaintiff's Complaint reveal that plaintiff was arraigned as of March 27, 2003.  See Compl., Ex. A at 5.  Thus, plaintiff had until March 27, 2006, at the latest, to file a complaint asserting a claim of false arrest.

Plaintiff's claim of excessive force accrued when plaintiff "knew of his injury arising from the alleged assault."  Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980) (noting that federal law "establishes as the time of accrual that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action").

Plaintiff claims that he was shot by Detective Baez more than three times on March 20, 2003.  Consequently, his claim of excessive force accrued on March 20, 2003, when he knew of his injuries due to the gunshot wounds, and he had until March 20, 2006, to file a complaint asserting this claim.

When considering a case filed by a prisoner, the courts consider a complaint to have been filed as of the date the inmate gives the complaint to prison officials to be mailed to the court.  See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (holding that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing Houston v. Lack, 487

4

U.S. 266, 270 (1988)).

Plaintiff did not date his Complaint. His In Forma Pauperis Application, which accompanied the Complaint, is dated August 27, 2007. Thus, the court considers August 27, 2007 to be the date the plaintiff presumably handed his Complaint and In Forma Pauperis Application to prison officials for mailing to the court. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)). Even applying the prison mailbox rule, both the excessive force and false arrest claims were filed over sixteen months late. Consequently, the Motion to Dismiss is granted on the ground that the excessive force and false arrest claims are barred by the statute of limitations.

B. Malicious Prosecution Claim

The defendants argue that plaintiff's malicious prosecution claim fails because plaintiff was convicted of the charges filed against him in connection with his arrest on March 20, 2003. The court agrees.

"To prevail on a claim of malicious prosecution, four elements must be shown: (1) the defendant initiated a prosecution against the plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice, and (4) the matter terminated in plaintiff's favor." Ricciuti v. New York City Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997). Here, plaintiff concedes that he was convicted and that his conviction is now on appeal. Thus, the criminal matter has not terminated in his favor. The Motion to Dismiss the malicious prosecution claim is granted.

C. Property and State Law Claims

Plaintiff claims the defendants broke into his home and robbed him. Attached to

his Complaint are two newspaper articles regarding property in a safe that defendants seized in connection with his arrest. Someone later stole that property from the police station. A copy of a citizen's complaint filed by plaintiff's wife, attached to the Complaint as Exhibit A, indicates that the property and cash in the safe belonged to plaintiff's wife. Plaintiff cannot assert claims on behalf of other individuals. See Singleton v. Wulff, 428 U.S. 106, 114 (1976) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party") (citations and internal quotation omitted); Golden Hill Paugussett Tribe of Indians v. Weicker, 39 F.3d 51, 58 (2d Cir. 1994) (standing requires that "plaintiff assert its own legal rights, and not those of third parties"). Plaintiff's wife is not a party to this action. Accordingly, any claim that plaintiff's wife might have regarding the money and jewelry allegedly stolen from the safe after it had been seized from plaintiff's home is not cognizable and is dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii) (directing the court to dismiss at any time a claim upon which relief may not be granted).

The plaintiff asserts that the defendants violated various Connecticut statutes. Supplemental or pendent jurisdiction is a matter of discretion, not of right. See United Mine Workers v. Gibbs, 383 U.S. 715, 715-26 (1966). Where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts. See 28 U.S.C. § 1367(c)(3); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases). Because the court has dismissed all of plaintiff's federal law claims, it will not exercise supplemental jurisdiction over any state law claims.

## IV. CONCLUSION

Defendants' Motion to Dismiss [Doc. No. 11] is **GRANTED** as to plaintiff's claims of false arrest, malicious prosecution, and excessive force. The claim that jewelry and money belonging to plaintiff's wife was stolen or lost by the defendants is **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court declines to exercise jurisdiction over any state law claims. The defendants' Motion for Extension of Time [Doc. No. 19] to file a motion for summary judgment and plaintiff's Motion seeking the appointment of counsel for trial [Doc. No. 18] are **DENIED** as moot.

**SO ORDERED.**

Dated this 10th day of December, 2008, at Bridgeport, Connecticut.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge