UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IGNACIO VILCHEL : | |
|    Plaintiff, : | |
| : | PRISONER CASE NO. |
| v. : | 3:07-cv-1344 (JCH) |
| : | |
| STATE OF CONNECTICUT, ET AL. : | |
|    Defendants. : | JANUARY 23, 2009 |

RULING AND ORDER

Plaintiff, Ignacio Vilchel, has filed this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.  Vilchel claims that in March 2003, members of the Hartford Police Department falsely arrested him, used excessive force during the arrest, and maliciously prosecuted him.  On January 17, 2008, the court dismissed the claims against defendants the State of Connecticut and the Hartford Police Department pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).  On December 11, 2008, the court granted the Motion to Dismiss [Doc No. 11] filed by defendants Harnett, Baez, Carballo, Gorr, Lollar, Brooks, Fowler and Kosinski as to the claims of false arrest, malicious prosecution and excessive force.  See Doc. No. 20.  The court also dismissed the claim that money and jewelry belonging to Vilchel's wife was stolen or lost pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and declined to exercise supplemental jurisdiction over any state law claims.  See id.  The only remaining defendant in this action is Hartford Police Officer Roland Gagnon.[1]

Vilchel describes Gagnon as a police officer responsible for "Warrant Information."  Compl. at 11.  He asserts that Officer Gagnon provided false information

---

[1] Officer Gagnon was served in his official capacity via the City Clerk for the City of Hartford. There is no evidence in the court file that service was effected on Gagnon in his individual capacity.

in the affidavit in support of the application for the warrant for his arrest and also provided false information at trial.  The Complaint contains no other specific allegations against Officer Gagnon, and there is no mention of Officer Gagnon in exhibits attached to the Complaint.  The court construes the allegations against Gagnon as claims of false arrest and malicious prosecution.

I.      FALSE ARREST CLAIM

The federal court looks to state law to determine the applicable statute of limitations for claims arising under section 1983, but federal law determines when a federal claim accrues.  See Wallace v. Kato, __U.S.__, 127 S. Ct. 1091, 1095 (2007) ("While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law").

The general three-year personal-injury statute of limitations period set forth in Connecticut General Statutes § 52-577 has been uniformly found to be the appropriate one for federal civil rights actions.  See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (applying Connecticut's three year statute of limitations to actions brought pursuant to 42 U.S.C. § 1983).  Under federal law, "a cause of action generally accrues 'when the plaintiff knows or has reason to know of the injury that is the basis of the action.'"  M.D. v. Southington Bd. of Educ., 334 F.3d 217, 221 (2d Cir. 2003) (quoting Leon v. Murphy, 988 F.2d 303, 309 (2d Cir. 1993)).  The Supreme Court held in Wallace that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Id. at __, 127 S. Ct. at 1100.

Vilchel alleges that he was arrested on March 20, 2003. Documents attached to his Complaint reveal that Vilchel was arraigned on March 27, 2003. (See Compl., Ex. A at 5.) Thus, Vilchel had until March 27, 2006, at the latest, to file a complaint asserting a claim of false arrest.

When considering a case filed by a prisoner, the courts consider a complaint to have been filed as of the date the inmate gives the complaint to prison officials to be mailed to the court. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (holding that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)). Although Vilchel's Complaint is not dated, the In Forma Pauperis Application which accompanied the Complaint is dated August 27, 2007. The court considers August 27, 2007, to be the date he presumably handed his Complaint and In Forma Pauperis application to prison officials for mailing to the court. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)). Even applying the prison mailbox rule, the false arrest claim was filed more than 16 months too late. As a result, the false arrest claim against Gagnon is dismissed as barred by the statute of limitations. See 28 U.S.C. § 1915(e)(2)(B)(ii) (directing the court to dismiss at any time a claim upon which relief may not be granted).

## II. MALICIOUS PROSECUTION CLAIM

Vilchel asserts that Gagnon offered false information against him at trial. "To prevail on a claim of malicious prosecution, four elements must be shown: (1) the defendant initiated a prosecution against the plaintiff, (2) without probable cause to

believe the proceeding can succeed, (3) the proceeding was begun with malice, and (4) the matter terminated in plaintiff's favor." Ricciuti v. New York City Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997). Vilchel concedes that he was convicted and his conviction is now on appeal. Because the criminal matter has not terminated in his favor, the claim for malicious prosecution fails to state a claim upon which relief may be granted and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent that Vilchel asserts that Gagnon violated any Connecticut statutes, the court declines to exercise supplemental jurisdiction over those claims. When all federal claims have been dismissed prior to trial, it is appropriate for the district court to leave the state law claims to the state courts. Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001). Indeed, it is more than appropriate: "[i]n general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998).

### III.   CONCLUSION

All federal claims against Gagnon are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the court declines to exercise jurisdiction over any state law claims. The Clerk is directed to enter judgment for the defendants and close this case. **SO ORDERED**.

Dated this 23rd day of January 2009, at Bridgeport, Connecticut.


　　　　　　　　　　　　　　　　　　  /s/ Janet C. Hall
　　　　　　　　　　　　　　　　　　Janet C. Hall
　　　　　　　　　　　　　　　　　　United States District Judge